JACKSON, ex dem. OSTRANDER, against ROWAN.

JACKSON
v.
ROWAN.

A. agreed to convey land to B. on B.'s paying 100 dollars, at the time of taking possession, and the residue of the purchase-money, at future periods, specified in the agreement. B. took possession on the 15th April, 1811, and at the same time paid the 100 dollars to A. In an action of ejectment brought on the demise of A. dated May, 1811, against B. to recover the possession, it was held that B. was entitled to a notice to quit, before bringing the suit.

THIS was an action of ejectment, tried before Mr. Justice Yates, at the Washington circuit, in June, 1812. The demise from the lessor was laid on the 1st day of May, 1811. The plaintiff gave in evidence a written agreement between the lessor and the defendant, dated the 9th of April, 1811, by which the lessor covenanted to give the defendant a warranty deed, in fee, for the premises in question, on the 10th of July then next, provided the defendant, on the delivery of the possession, paid the lessor 100 dollars, and 400 dollars on the 10th of July then next, with interest, and gave a bond and mortgage, to secure the remaining sum of 1,300 dollars, with interest, in several instalments, as specified in the agreement.

It was proved that the defendant took possession of the premises, under the agreement, on the 15th April, 1811, and, on that day, paid the lessor the 100 dollars, and has since continued in possession.

The defendant moved for a nonsuit, on the ground that the action could not be sustained, without showing a previous notice to the defendant to quit.

The judge overruled the objection, and a verdict was found for the plaintiff.

A motion was made to set aside the verdict, and for a new trial, which was submitted to the court without argument.

*Per Curiam.* At the date of the demise, on the 1st of May, 1811, the possession of the defendant was lawful, and not tortious. He entered on the premises the 15th of April preceding, under an agreement of the lessor to sell. That agreement purported that possession was to be delivered, on the payment of 100 dollars; and the defendant paid that sum on taking possession under the agreement. He was, consequently, entitled to a notice to quit, or a demand of possession, before suit brought, and the case of *Right* v. *Beard* (13 *East*, 210.) is in point. The court are, accordingly, of opinion, that upon this case, a judgment of nonsuit must be entered.

Judgment of nonsuit.