Chief Justice Robertson
delivered the Opinion of the Court.
On a petition filed in the year 1828, in the Jessamine Circuit Court, by James F. Cogar, as guardian of his infant brother, William G. Cogar, for a decree for a sale of an interest held by his ward in a tract of land in the county of Jessamine — the Court ordered the sale of the ward’s interest, and appointed the guardian commissioner to make sale of it; who, after executing an approved bond, according to the statute, proceeded to sell it, at auction; when Lewis Singleton became the purchaser, at a price equal to the then full value of it.
Afterwards, the guardian, as commissioner, having conveyed the title to Singleton, and received the consideration, the latter took possession of the land, which he has occupied ever since.
■ William G. Cogar having procured a reversal of the decree, at the Fall term, 1834, of this Court — afterwards, in September, 1835, brought an action of ejectment against Singleton, for the land — about sixty two acres.
The ground of the reversal was, that the petition filed by the guardian did not state that the land had descended to the ward.
But Singleton having proved, on the trial of the ejectment, that the land had descended to William G. Cogar from his deceased father, and that James F. Cogar was his guardian when the petition was filed and the land was sold and conveyed — the Circuit Court instructed the jury, in effect, that they should find a verdict for the lessor, on the ground that, in the opinion of the Judge, the decree under which the land had been sold to Singleton, was void for want of jurisdiction, and that, therefore, the commissioner’s deed had passed no title to him.
The record, in such a case, is conclusive evidence of all the facts appearing upon its face: so where it shows that the land came to the infant otherwise than by descent, it shows conclusively, that the sale was void for want of authority in the court and guardian, to decree and make the sale. But it is not evidence that a fact did not exist concerning which it is silent; and any such fact-to show that a sale was valid, or void, may be proved by extraneous evidence. So, where a sale was decreed upon a guardian’s petition , which did not state hpw his ward had derived title to the land, and the sale was made; and afterwards, at the instance of the ward, the decree was reversed, because the record, silent as to the derivation of title, did not show satisfactorily that the court had jurisdiction ; and the ward then bro’t this ejectment for the land —it is held, that it is competent for the purchaser to show, by proof independent of the record, that the infant’s title was derived by descent; that the court which decreed the salewas not, in fact, with out jurisdiction, and its decree, and the sale under it, not void.
*480 That opinion of the Circuit Court is brought up by this appeal, for revision by this Court.
The act of 1813, (Stat. Law, 806,) confers on the Circuit Courts of this Commonwealth a special and limited jurisdiction to order the sale of real estate descended to infants, whenever, on the application of the guardian of an infant, such a sale shall be deemed, by the Court in which any such petition shall have been filed, to be advantageous to the infant owner. The act evidently contemplates nothing more than to authorize guardians, with the sanction of Courts, to sell lands which shall have descended to their wards. And, in that view of it, there can be no; good objection to the validity of the statute, so far as it applies to titles which descended after the date of it; because, in all such cases, an infant takes the title subject to the statutory power of sale by the guardian’s instrumentality, according to the authority of the statute; and the only effect of the law is to abolish the disability of infancy as to such sales when made by guardians.
The character of the enactment, however, requires that its essential provisions should be strictly complied with; and, unless the record of .a proceeding under it shall exhibit every fact prescribed by it, the order for a sale might be deemed prima facie erroneous.
And therefore, as the statute authorizes the sale only of descended estate, and the record of the proceedings in the case, in which the land was sold to Singleton, did not, in our opinion, clearly show that the ward’s land had come to.him by descent, we set aside the order of sale, because the jurisdiction of the Judge who made it, did not certainly appear.
The petition was silent as to the manner in which the ward had acquired title; and, though the report of the commissioner intimated that it had descended to him from his deceased father, yet we did not consider that intimation either conclusive or certain.
The record of such an exparte proceeding should not be deemed, in all respects, as conclusive as it should be, if the infant had been a party. If the land of an infant had been sold, on a petition by his guardian, falsely stat *481 ing that it had descended to the ward, when, in. fact, lie had acquired it by devise, might not the ward, notwithstanding the ex parte record, be permitted to prove the truth aliunde, and thus avoid the sale by proof of the extrinsic fact, which would show that the Judge who' sanctioned the sale had no jurisdiction? Or, would the infant be concluded by a false suggestion made by his guardian, for the purpose of giving an apparent jurisdiction? Or, if the person who had filed the petition as guardian, had not been the infant’s guardian, would the record of such a false suggestion in the petition, be conclusive? We should think not. But, a fortiori, the record of such a proceeding, not only ex parte, but scarcely judicial, is not conclusive proof that a fact did not exist concerning which it is silent.
The decree or order of sale, in such a case, being— not absolutely void, but only irregular & erroneous, its reversal, after a sale, does not affect the purchaser’s title.
The proceedings for sales of infants’ estates, un dertheact of’13, ar o judicial.
Had the record of the petition and sale shown affirmatively, that the infant had acquired his title by devise or other mode of purchase, the guardian and his alienee might have been concluded as to that fact; and the conveyance to Singleton would, in that event, have been, not only apparently, but conclusively, void, for an obvious and irremediable want of authority in the guardian to sell, and of the Circuit Judge to sanction the sale of the land.
But there can be no such estoppel in this case; because the record of the petition and sale does not show, or even intimate, that the land had not come to |he ward by descent.
The difference is between that which the record affirms or imports, and that respecting which it is altogether silent: between what appears, and that which does not appear in it. In such a case, that concerning which such a record is silent may be supplied by extraneous proof; because such evidence could not be inconsistent with any thing either expressed or implied by the higher grade of proof — the record.
If, in this case, Cogar’s title was acquired by descent, his guardian had, in fact, legal authority to sell the land, with the concurrence of the Circuit Judge; and that Judge had, in fact, jurisdiction to authorize the sale: and *482 therefore, the sale and conveyance to Singleton were, in fact, not void.
The statute required that the petition should be filed by the guardian. But suppose that the petition, though filed by the guardian, had omitted to suggest that the person filing it was the guardian; but, nevertheless, the Circuit Judge, knowing that he was the guardian, had therefore authorized him to sell the land. The order for a sale might have been reversed, because the record failed to show that the petitioner was the guardian. But would such a record have been conclusive proof, or even •any evidence at all, that the petition had been filed by a •person who was not guardian? And would the sale and conveyance by the guardian have been necessarily void, merely because the record of the proceeding had not suggested his true character? We think not.
But, in this case, the record of the petition and sale is ■not perfectly silent as to the mode in which the title to • the land had come to the ward. It tends, on its face, rather to the conclusion that the title had been derived ■by descent. And therefore, the .extraneous evidence of dhat fact is only auxiliary, so far as to confirm that which ' the record itself intimates, but may not have sufficiently shown.
Therefore, it does appear to us, that, as in a proceeding conformable with the statute in every other respect nhan the omission to show clearly that the title had descended to the ward, the guardian, under the sanction of the Court, sold land which, in fact, had descended to his ward, and which, therefore, he had a right thus to sell, his sale should not now be deemed void. And it appears to us, also, that, as the whole proceeding was ■ only a statutory mode of conveyance, the fact that nothing was sold but that which the statute authorized the guardian and the Court to sell, may be proved in support of the validity of the sale, when the proof of it will not, in any degree, contradict the record, nor any judicial deduction from it.
If the statute had authorized guardians, without any •other sanction* than that of their own judgment, to sell land which had descended to their wards, a conveyance *483 by a guardian, of his ward’s land, might be deemed, on its face, inoperative, unless it should recite the fact that the land had come by descent. But would such a deed be necessarily and conclusively void? Might it not be valid and effectual, if the land had come by descent ? and might not the vendee prove that fact in an action of ejectment, brought against him by the infant, for the land?
The decree and sale thus not being void, the conveyance should operate, notwithstanding the reversal of the decree, as any other conveyance made of land which had been sold under a judgment or decree which shall-have been afterwards reversed, but was not void. For though the ward was not personally a party, the statute authorized the sale of his land upon the concurrent judgment of his guardian and the Circuit Judge; and if a conveyance, in such a case, should be deemed invalid, merely in consequence of a reversal of the decree directing it, not only would the announcement of such a doctrine deter purchasers at such sales from bidding the value of the land, whereby the interests of infants might be greatly prejudiced by sales under valid and irreversable decrees, but most of the titles which have been supposed to pass under such sales, made over since the enactment of the statute of 1813, might be set aside to the injurious disturbance of society, without corresponding justice to-infants themselves.
The decree for a sale of an infant’s land, in virtue of the statute of 1813, is, in our judgment, judicial, not only because it must be rendered by a Circuit Judge, but because, in rendering it, he exercises judgment concerning matters regulated by law.
It may be but too true that Circuit Judges sometimes may not be as provident in such cases as the very important trust confided to them requires. They have, perhaps, sometimes improperly reposed on the judgment of the guardian, without ascertaining facts sufficient to satisfy themselves, as Judges, that the interest of the wards requires a conversion of their land into money.— Such a course would certainly be a perversion or eva *484 sion of the trust confided, and would be not only reprehensible, but almost criminal.
But still it may sometimes be advantageous to infants, to convert their lands into money. And when it shall to do so in any case, the guardian has, and, as we think, should have, power, under the supervision and sanction of a vigilant and enlightened Judge, to make the conversion, for the benefit of his ward, so that it may be made most advantageously, without danger of an avoidance by a plea of infancy.
And it is, therefore, our opinion, that, when a guardian has, in good faith, under the authority and with the approval of the proper Circuit Judge, sold for a'full price and conveyed land which had, in fact, come to his ward by descent, and which, therefore, he had a legal right thus to sell conclusively, the bona fide purchaser should not be disturbed, merely because the petition for a sale did not expressly show that the land had descended, and the decree for a sale had therefore been reversed.
Wherefore it seems to us, that the instruction given by the Circuit Court was erroneous. And therefore the judgment is reversed, and the cause remanded for a new trial.