HOPE
vs
CASON.

---

TRESPASS.

# Hope *vs* Cason.

Case 143.

APPEAL FROM THE CHRISTIAN CIRCUIT.

*Vendor and Vendee. Pleas and pleading. Notice to quit. Practice.*

June 6.

CHIEF JUSTICE EWING delivered the opinion of the Court.

The pleadings in the case.

THIS is an action of trespass *quare clausum fregit*, brought by Hope against Cason. The declaration contains two counts: the first sets out the abuttals of the land; the second alledges, in substance, that the defendant, with force and arms, broke and entered a certain *dwelling house* of the plaintiff, situate and being in the County aforesaid, and then and there in the *possession* of the plaintiff, and ejected and expelled him and his family from the possession, use, occupation and enjoyment of the same, and kept him out, &c. and then and there broke open the doors, &c. and cast and threw out of said house, the plaintiffs goods, and put the goods of another person in, &c. To each of the counts the defendant pleaded *liberum tenementum*.

To the first plea, the plaintiff replied that he had purchased the land from the defendant by parol contract,

and paid him the purchase money, and was put into possession by him, and was and had been in possession of said close for a long time in his own right, and holding the same as his own freehold, and the defendant in his own wrong, and without the cause alledged, entered upon his possession, &c. To the second plea, he replied, that the said dwelling house in the second plea mentioned, was not the dwelling house of the defendant, but was then and there and now is the dwelling house of the plaintiff, and the defendant entered, and of his own wrong committed the trespasses charged in the declaration.

The defendant demurred to the replication to the first plea, which was sustained by the Court, and joined issue on his replication to the second plea.

On the trial of this issue, the defendant's counsel was permitted to introduce their testimony first, also to open and conclude the argument, which was excepted to by the plaintiff's counsel; and after the defendant had introduced his title papers to a tract of land in the county, and proved that he had a dwelling house upon it, the plaintiff's counsel offered to prove that the trespasses complained of in the second count, were committed in a different house in the county, of which he was possessed, from that to which the defendant had shown title, which was objected to by the defendant's counsel, and the objection sustained by the Court. The Court also instructed the jury, at the instance of the defendant's counsel, that if they believed from the evidence, that the defendant had, at the time of committing the supposed trespasses, title to a dwelling house in the county, that they should find for the defendant, which was also excepted to. And a verdict having been found for the defendant, and judgment rendered thereon, and motion for a new trial overruled, the plaintiff has appealed to this Court.

There are several legal questions arising on this record, which we will dispose of in the order in which they occur. And the first is, whether the replication to the first plea is good. And this brings up the question, whether the vendee, by parol, who has paid the consideration, and been let into the peaceable possession by the vendor,

HOPE
vs
CASON.

When a purchaser by parol contract has paid the consideration & been let into possession, and is in the enjoyment thereof, and has not renounced the contract, vendor cannot enter upon him, or maintain an action for the possession, without notice to quit.

has such a right to the possession as will enable him to maintain trespass *quare clausum fregit* against the vendor. Or whether a replication of such purchase is a good answer to a plea of *liberum tenementum.*

We have in our researches been able to fined no case expressly in point with the question stated. That a tenant for a term of years unexpired, or a tenant from year to year, may maintain such action against his landlord, and reply his tenancy, in answer to the plea of *liberum tenementum,* is unquestionable : but as a parol contract for land is not valid under our statute of conveyances, for a longer term than five years, nor enforcible under our statute of frauds, if for a longer term than one year, has the vendee such right to the possession, as to entitle him to the action, who holds under a parol purchase?

That he is invested with many rights, by virtue of his purchase and possession, is well established. He cannot be made responsible for rents—he has a lien in equity for his improvements—also for the consideration paid, and within the reason of the principle settled by this Court, in the case of *Harle* vs *McCoy,* (7 *J. J. Mashall,* 318,) and *Trotter* vs *Sanders et al.* (*Ib.* 321,) he may successfully defend himself against trespass or ejectment brought by the vendor. In the case of *Harle* vs *McCoy, supra,* the appellant, the defendant below, had been put into the possession under an *executory* purchase from McCoy, whose bond he held for a title, but had not paid the consideration. McCoy brought trespass and ejectment against him, and this Court determined that his possession was lawful and rightful, and ''he consequently should not be deemed a *quasi* trespasser, and subjected, as such, to the vexation, costs and damages incident to an action of ejectment, which can be maintained only against a wrong doer ;'' and further decided, that Harle, the purchaser, was not subject to the action until he had refused to surrender the possession ''on a sufficient demand or notice to quit, or been guilty of some positive act, which rendered his possession wrongful in fact, or in contemplation of law, such as a denial, disavowal or renunciation of the contract, and a mere refusal to pay would not, of itself, be sufficient.'' Now, a bond for a

title is a mere equity, and could afford no *legal* protection to the defendant. It was not, in the case cited, nor could it be relied on as such, but was permitted to be used only as evidence of the defendant's rightful entry and possession under the plaintiff, and to repel all imputation of trespass or wrong in his holding. If an executory purchaser, who was let into possession without title, at all available at law, is a rightful possessor and cannot be sued as a wrong doer, without demand or notice, so also does it seem right and proper, that a parol purchaser, who is let into possession under his purchase, should be treated as a rightful possessor, and not as a wrong doer, and we think that no action will lie against him until he has had reasonable notice to quit. Until he has been advised of the disavowal of the contract on the part of the vendor, he is no wrong doer in morality or law.

What notice shall be deemed reasonable in such a case has not been settled. It was left open in the case cited. But it seems to us that the notice, to be reasonable, ought to be as long as that required to be given to a tenant from year to year. The reason which requires notice to be given to the tenant applies with equal force to the parol purchaser. If time to gather his crop or make preparation to remove, be but just as to one, it is equally just and reasonable, and more so, as to the other. The one when he takes possession, knows that he may be put out at the end of each year, the other takes the possession with the honest expectation that he is to hold the land in fee as his own. While the former may pitch his crop and make preparation for a year's enjoyment of the possession, the latter may pitch his crop and make preparations for a permanent enjoyment. If the first is entitled to notice, so should also the other be entitled to notice, at least as reasonable as the notice required to be given to the former.

It is said in the case of *the People* vs *Ricketts*, (8 *Cowan*, 226,) "Though a lease by parol be for a longer time than three years, and so void for the term, within the statute of frauds, yet the tenant entering has an interest from year to year, regulated in every respect by the parol demise, except as to the time; such tenant holds a

*Margin note:* HOPE vs CASON.

*Margin note:* Where a vendor by parol has no right to enter on his vendee, without giving notice to quit, his entry is a trespass. A replication of a possession in virtue

HOPE
vs
CASON.

of a parol pur-
chase from de-
fendant, is good
to the plea of *li-
berum tenemen-
tum*.

term for years, which should be so called in all legal pro-
ceedings." According to the principles here settled, as our
statute of frauds authorizes a parol lease for a year, if a
parol lease for a longer term be made, the tenant entering
under it would be entitled to hold from year to year, and
as such to have notice to quit; and according to the
same principle, we can perceive no good reason why a
person entering under a parol purchase, should not be
permitted to hold, at least with all the rights and privile-
ges of a tenant from year to year, and consequently, be
entitled to the same notice to quit.

It is said in the case of *Jackson* vs *Rowan,* (9 *John.
Rep.* 330,) and *Jackson* vs *Niven,* (10 *Ibid,* 335,) "That
where the plaintiff agreed that the defendant should have
possession on the payment of $100, and the defendant
paid that sum and took possession under the agreement
that he was entitled to notice to quit or demand of pos-
session before suit brought."

If, therefore, the defendant, the vendor, had no right
to enter without notice, his entry was wrongful and an
injury to the rightful possession of the parol vendee, and
he may maintain trespass against his vendor, as well as
the tenant from year to year, whose possession has been
invaded, may maintain trespass against his landlord, and
the replication replying the purchase in the one case, as
well as the replication replying the tenancy from year to
year in the other, is a good answer to the plea, and there-
fore, the demurrer to the replication was erroneously sus-
tained.

2d. There was no error in the opinion of the Court in
A  defendant
pleading  libe-
rum tenementum
which is replied
to generally, has
the burthen of
proof on him, and
has the right first
to introduce this
proof and to open
and conclude the
argument.
allowing the defendant to introduce his testimony first,
and to open and conclude the argument, if he offered any
proof in support of this plea. The right to begin with
the evidence devolves on the party who holds the affirma-
tion of the issue, and in this case the defendant, by his
plea of *liberum tenementum,* held it. We understand the
caption to the plea as a denial only of the *force* and what-
soever is against the *peace,* but as excepting from that de-
nial all the trespasses charged in the count. Understood
in this way, it amounts only to a denial of the public
wrong, and is not traversible, but is a mere formal intro-

duction to the plea of justification. If the plea amounts to a justification of the gist of the action, which is the illegal entry, it is also a justification for other acts of trespass, which may be committed necessarily in the effort to obtain the complete possession. And if the plea did not amount to a full justification for all the trespasses alledged in the count, then should the plea have been demurred to, or the excess replied by the plaintiff.

3d. But the defendant had no right to vary in his testimony from the house described in the count, as the dwelling house in which the trespass was committed, nor to introduce title papers embracing another dwelling occupied by himself in a different place or part of the county; and if he did do so, he could not thereby deprive the plaintiff of his right to prove the trespass in the *locus in quo*, described in his Count. It is only when the count is general and gives no specific description of the tenement upon which the trespass is charged to have been committed, that the defendant, when the right to begin with the evidence devolves on him, has the right to fix the place and to confine the subsequent proof to the place so fixed, unless the plaintiff shall have avoided the difficulty by a new assignment. But if the abuttals are set out in the count, then the defendant must confine his proof of title and justification to the land so described or fail in sustaining his plea. In the count of the plaintiff in this case, the place in which the trespass is charged to have been committed, is described as "the dwelling house of the plaintiff, situated and being in the county, and then and there in the possession of the plaintiff." We think this description of the place is more definite and certain, and less liable to be misconceived or misunderstood by the defendant, than if the place was described by the boundaries and abuttals of the tract of land on which it was situated. Had the count declared for a trespass upon a tract of land, then by way of giving description and identity to the tract, and preventing the defendant from introducing and relying upon title to another and different place, it would have been necessary to set out the boundaries and abuttals. But when, as in this case, the count charges a trespass upon a dwelling house only, and the

*Where the declaration in trespass quare clausum fregit alledges the trespass in entering the close and the dwelling house of the plaintiff, and defendant pleaded liberum tenementum, he must confine his proof to the dwelling house of plaintiff, and may not show title in another tenement than the dwelling house of the plaintiff at the time of the alledged trespass. It is only where the count is general, and the plea is liberum tenementum is plead, and issue thereon without a novel assignment setting out abuttals, that defendant may then show title to and fix the place and confine the proof to such place.*

house is described as the plaintiff's dwelling house, in the county, then in his possession, the description is surely sufficient, and the proof should have been confined to the dwelling house so described, unless the plaintiff had, at the same time, another dwelling house in his possession, in the county, which is not pretended in this case.

4th. For the same reasons it follows that the Circuit Court improperly instructed the jury to find for the defendant, if they believed that the defendant had title to a dwelling house in the county, at the time the supposed trespasses were committed.

It is, therefore, the opinion of the Court, that the judgment of the Circuit Court be reversed, and cause remanded, that a new trial may be granted, without the payment of costs, and that the demurrer to the replication may be overruled; and the appellant is entitled to his costs in this Court.

*B. & A. Monroe* for plaintiff.