Judge Hise
delivered the opinion of the Court.
Wm. Hord, the defendant in the action in the lower Court, claims title to a tract of land by virtue of his purchase thereof at a Commissioner’s sale, made on the 20th of November, 1829, in pursuance of a decree rendered on the 9th of October, 1829, upon the joint petition o'l the adult heirs of Indiana Robinson, deceased, and the guardians of her infant heirs, for the sale of a tract of land descended to them. Hord, after his purchase, received a deed from the commissioner, dated the 6th of July, 1831, and the commissioner reported his sale and deed to Hord, on the 9th of July, 1831, when the Court approved the sale and conveyance as made, and ordered the report and deed to be recorded.
Hord, after his purchase, took possession of the land, and has so continued in possession thereof in person or by his tenants from 1829, until the institution of this suit, in April, 1848, a period of about nineteen years.
Wm. B. Harrison as the guardian of his then infant son, Wm. B. Harrison, jr., joined in the petition for the sale of the land, to 2 9ths of which, the infant was entitled by descent from Indiana Robinson.
This party, Wm. B. Harrison, after he had arrived to the age of 29 years, as lessor of the plaintiff, instituted this suit in ejectment against Hord’s tenant, to recover 2-9ths of the land, the whole of which had been sold and conveyed to Hord as above stated.
The lessor of the plaintiff, Harrison, contends that the decree and subsequent proceedings under it are void, and that his right and title to his share of 2-9th* »f the land were not thereby divested.
Grounds relied upon for rever-án!.
As ageneral rule a purchase at a decretal sale made by a Court of competent jurisdiction is valid until reversed unless the decree be void: (4 Dana 438,7 lb. 483, 7 B. Mon. 62 8 lb. 106.)
Ilord relies for defense upon the title acquired as above stated.
The facts as agreed by the parties in writing, and as shown by the record of the proceedings in the suit, by petition for the sale of the land descended from Indiana Robinson, above referred to, and the law arising thereupon, were all submitted to the Court for adjudication without the intervention of a jury, and a judgment was rendered in favor of Hord, the defendant. Harrison has appealed to this Court, and asks a reversal of the judgment, and assigns for error, that the decree, commissioner’s sale, and deed, under which defendant claims to have obtained the plaintiff’s title, are all null and void, because,
1st. There was no such bond executed by any guardian, as thestatute requires, either before or after the sale was ordered and decreed by the Court.
2d. That Wm. B. Harrison, the father of the plaintiff, as his guardian, filed the petition in his own name, and not in the name of the infant, (the present plaintiff,) and that having died on the 27th of December, 1829, before the time when the commissioner executed the deed to Plord, and before the sale and conveyance was reported by him, and approved and confirmed by the Court, that in consequence, the suit abated, and as the plaintiff was not then a party himself, and as his father who had petitioned for him as his guardian, was dead, there was no case in Court; and that hence all the proceedings in said suit under which defendant attempts to establish his title to the land in contest, are absolutely null and void.
It may be well to remark that as the defendant holds by purchase under a judicial or decretal sale, that as a general rule, no irregularity or error, unless it be of such character as would make the decree absolutely void can defeat the right thus acquired by the purchaser. If the decree be not void, but erroneous merely, and reversable, a fair sale of land made by an officer of the Court, by authority thei’eof, will be valid, and a title *473 thus acquired will not be disturbed even though the decree itself should be reversed. The cases of Bustard vs Gates and wife, (4 Dana, 438:) Singleton vs Cogar, (7 Dana, 483,) Lampton vs Usher's heirs, 7 B. Monroe, 62,) and Benningfield, &c., vs Reed, &c., (8. B Monroe 104,) furnish ample authority to sustain the position assumed.
A sale of infant* real estate is not void though the bond reauired by the statute: (2 Stat. Law 808,) should be delect ive in form or in substance.
If the bond required by the statute which authorizes the sale of infants’ real estate (2d Statute Law, 808,) should be defective in form or in substance, or if no such bond shall have been given at all, the jurisdiction of the Court is not on that account defeated, and a decree rendered directing the sale of the infants’ land would on that account be merely erroneous, but not void, and even its reversal for such error would not generally deprive the purchaser of his right to the land, and if unreversed it is binding and effective between the parties, and cannot be collaterally questioned in another suit between the infants and the purchaser of the land, or those holding under him, so as to over-1reach in that way, the title acquired by purchase at a public judicial sale. The decree directing the sale of the land in contest in this suit, if admitted to be irregular and erroneous for want of a sufficient bond, is not void, and has not been reversed, and is now irreversible ; an appeal or writ of error is barred by lapse of time. The decree was rendered in 1829, and the plaintiff, as shown by the agreed case, was 29 years old when the suit was instituted. If the bond in this case be defective, however, for the reasons assigned, yet where it is attempted to impeach this unreversed decree, collaterally, in the suit under consideration, to recover back the land purchased under it by the defendant, at a fair, open, public sale, and as presumed, at a fair price, such defects in the bond may be properly considered to have been waived and cured because the fact is agreed that the whole amount of the put chase money for the land due to the plaintiff was paid by the defendant .to the commissioners, who paid it over to *474 the plaintiff’s guardian, from whom he, the plaintiff, received'the money with all interest accrued thereon, after he arrived at 21 years of age. A defective bond or the absence of any bond at all, has not operated to the prejudice of the plaintiff in the least. He has received the whole amount due him, voluntarily, at mature age, and now appears in this case in the unenviable attitude of claiming the land of a bona.fide purchaser thereof, for a fair price, whilst he has in his pocket 'the price in money paid for it, and fails to refund or offer to refund it. It is not deemed necessary therefore, to decide whether the bond in question is defective in form or substance, because,
Where a judicial sale of infants lands had been ordered and made 28 years, and all the purchase money paid and possess ion held from the sale — held that no irregularity in the sale would be available in an action of ejectment by the heir.
1st. If it was, the decree rendered would not on •that account be void, or defendant’s right destroyed.
2d. Because if the decree had been erroneous and Yeversable on that account, the error is cured or unavailable at least, now, as the prosecution of an appeal •or writ of error has been barred by lapse of time, and :as the plaintiff has received from his guardian the purchase money due to him, and he has suffered no loss for want of a sufficient bond.
But it is contended that defendant’s title fails, that his deed is void, and that all the proceedings had subsequent to the order of sale in the petition case, are absolutely null and void, because the father and guardian of the plaintiff, 'as complainant in the petition suing in his behalf, died before the commissioner’s report ol' the sale had been returned, or the deed made by him, and before either was approved and confirmed by the Court. In the assignment of error, as also in the ar- . gument of the plaintiff’s counsel it is overlooked, that the plaintiff’s guardian did not die until after the commissioner under the order of the Court, had sold the land to Hord. The commissioner’s sale took place on the 20th of November, 1829. The plaintiff’s father and guardian died not until the 27th December, 1830. Even then conceding that the subsequent action of the commissioner in the execution of the deed and ,in ren- *475 deving his report, and of the Court in the decree- of approval and confirmation of' the sale and commission-er/s conveyance, was wholly null and void because of the fact that plaintiff’s guardian was then dead, yet the validity of the sale cannot be questioned, because at that time the guardian was not dead, and because further, (were any other reason necessary to be given,) the plaintiff himself has ratified, approved, and confirmed that sale by his own act, in voluntarily accepting the price in money paid for the land, from his subsequent guardian, after he had attained full age. The defendant Hord, has acquired therefore,, a clear, just, and equitable right to the land in contest in virtue of said sale, so ratified and confirmed by the plaintiff himself, and which right would be available and enforcable beyond doubt,, in a Court of Chancery at the suit of the-defendant.
A. deeree directing the sale of land and a sale under that decree, nor a decree determining a right to the land ano directing a conveyance, if they be not executed by a conveyance-made will have the effect to pass the legal title:. (3 Marsh. 221:) Fauntleroys h'rs-vs Henderson.? fart.
Shortly after the-death of th.e plaintiff’s father and guardian, his grandfather,. Thos. G. Harrison, was legally appointed his guardian, and entered into bond with ample security as such,, and to him was paid the plaintiff’s proportion (2-9ths,) of the purchase money, for his interest in the land,, by the commissioner,, to whom, Hord, the defendant, had paid the whole amount bid for the entire tract of land. The sale being valid, anda clear right having thus been acquired by the defendant to the land in contest,, and the plaintiff having received the whole of the purchase- money, the question arises, can the plaintiff lawfully eject the defendant from the land, and should the Court have rendered a judgment in his favor in the pending action of eject-, ment ? If so, then it must not only be determined that the commissioner’s conveyance, as approved by the Court, and the order confirming the report and sale, were extra judicial and absolutely void; but also that the defendant has no legal right to withhold the possession of 2-9ths of the land from the plaintiff, notwithstanding the validity of the commissioner’s sale; and although that sale has been sanctioned and ratified by *476 the plaintiff as may be implied from the fact that he has received f.iom the guardian the whole of his share of the purchase money. It must be admitted that the decree ordering the sale, and the sale and purchase under it, could not alone and of themselves invest the defendant w'ith the legal title to the land. He could only thereby acquire a right to have the legal title conferred upon him, which, though wrongfully, is still retained and held by the plaintiff; neither a decree directing the sale of land, though the land be sold under it, nor a decree determining the right to land and ordering it to be conveyed and surrendered, if thejr be not executed, and conveyances be not made, will have the effect to pass the legal title as adjudged in the case of 3 Marshall, 221.
Ejectment can* not be maintained against a purchaser under a decretal sale which has not been perfected by a conveyance, without notice to quit. Landlord may not enter upon his tenants in certain cases: (3 B. Mon. 546.)
*476 It must be further conceded that the decree of the Court confirming the commissioner’s report and deed, rendered subsequent to the death of the plaintiff’s guardian, as well as the deed itself, are nullities, and void so far as plaintiff is concerned, because there was then, as to him, he being no party, no case legally pending before the Court, to authorize its action. Nevertheless it does not follow that the character of the defendant’s possession is such as that the plaintiff, without at least reasonable notice served upon the defendant to quit, or requiring that possession to be surrendered, can maintain an action of ejectment against him. The defendant is not a wrong doer. He must be regarded in virtue of his valid purchase of the land, and in consequence of the subsequent voluntary acceptance by the plaintiff of the purchase money, as in possession of the land with the implied sanction and consent of the plaintiff
It has been held, and cannot be questioned, but that a tenant for a term of years or a tenant from year to year, may maintain an action of trespass against his landlord if he enters upon the premises before the term expires, in the one case, or before due notice to quit in the other, and the tenant can rely upon his tenancy in *477 his replication to his landlord’s plea of liberum, tenemen-tum, and thus defeat that defense and protect his rightful possession.
A purchaser by-parol let into possession cannot be ejected without 6 months notice to quit: (3 B. Mon. 46, 9 John. 330, 10 lb. 335, 5 B. Mon. 453, 7 J. J. M. 319.
It has also been held, and the doctrine has been approved by this Court, that a party let into possession of land under a parol lease for more than one year, or under a parol purchase thereof from the owner, (though both such lease and purchase are within the statute of frauds, and therefore not enforcible in law or equity,) can maintain the action of trespass, 2 C. F., against the lessor or vendor for entering upon his possession without having given a previous six month’s notice, or reasonable notice at least, to the parol tenant or purchaser to surrender the possession ; and such lease and parol purchase would be an available replication to lessor’s or vendor’s- plea of liberum tenementum, and obviously, because the entry of the landlord or vendor in such cases without notice to quit, would be tortuous and wrongful. Though the legal title is held by them their legal right of entry is suspended until the requisite demand and notice should be given: Seethe case of Hope vs Cason, (7 B. Monroe, 546.) This Court in the opinion pronounced in that case, use the following language:
“If an executory purchaser who was let into possession without title at all available at law, is a rightful possessor, and cannot be sued as «a wrong doer without demand or notice, so also does it seem right and proper that a parol purchaser who is let into possession under his purchase, should be treated as a rightful possessor, and not as a wrong doer. And we think that no action will lie against him until he has reasonable notice to quit. Until he has beenfadvised (of the disavowal of the contract on the part of the vendor he is no wrong doer in morality or law.” And again: “We can perceive no good reason why a person entering under a parol purchase should not be permitted to hold, at least with all the rights and privileges of a ten *478 ant from year to year, and consequently be entitled to the same notice to quit.”
The doctrine is that a party let into possession by a pa-rol contract for the lease or purchase of land, or for the possession merely, he having paid the consideration and complied with the terms of the contract, such party holding possession under the agreement, is entitled to notice to quit before such suit is brought, or in other words, that he cannot be ejected by suit until after a disaffirmance of the agreement and notice to quit. See Jackson vs Rowan, (9 Johns., Rep., 330,) and Jackson vs Neven, (10 Johns. Rep., 335.)
It has been held by this Court in the cases of Sanders vs Beauchamp, (8 B. Monroe, 493,) and in the case of Harle vs McCoy, (7 J. J. Marshall, 319,) that a vendee in possession under an executory contract of purchase, cannot be evicted at law by his vendor, although the vendee may have failed to pay the purchase money, without a previous demand of possession and reasonable notice to quit the premises, given prior to the date of the demise as laid, or unless the vendee has himself by his own act, made his rightful possession tortuous. This doctrine is approved and sanctioned by numerous decisions of the Courts in England, and of some, if not all, of the States of this Union. See the authorities cited in the opinion delivered in the case above referred to, in 7 J. J. Marshall.
In the case of Denis and others vs Warder, (3 B. Monroe, 175,) it is held that a party Jet into possession of land under a sale and conveyance from an executor who had no authority to sell and convey, and who had no title to the land, and consequently passed none either legal or equitable, to the vendee, yet because his part of the purchase money had been paid to one of the heirs who had title with the co-heirs to the land, and he had received his portion of it from the vendee, and thus tacitly and constructively assented to his purchase and possession of the premises, such heir could not evict the vendee in an action of ejectment *479 from liis part of the land, -without a previous notice of his intention to avoid the contract and make reclamation, or a demand of possession, with reasonable notice to quit. Now the possession of the defendant in the case under consideration, acquired by a valid judicial sale under an unreversed and unreversible decree, and held by the implied sanction and consent of the plaintiff, as distinctly indicated by his reception of the purchase money due him for the land, is certainly as rightful as that of a yearly tenant or purchaser by a parol or written executory contract, and therefore this action of ejectment cannot be maintained by the plaintiff against the defendant ITord, because he had not, before the date of the demise laid, or at any time before the service of the declaration and notice, made any demand of possession, or given the requisite notice to quit.— And therefore the possession of the land by the defendant was rightful and not tortuous when the suit was brought. The Circuit Court properly, upon the facts agreed and case submitted, gave judgment for the defendant, which is affirmed.
McKee and Burton for appellant; Harlan and J. D. Hardin for appellee.