CASE 53—PETITION—OCTOBER 19.

# Dorsey, &c. v. Kendall, &c.

### APPEAL FROM HARDIN CIRCUIT COURT.

1. JUDICIAL SALE PASSES TITLE TO PURCHASER, ALTHOUGH THE PROCEEDINGS WERE ERRONEOUS.

   It is the policy of the law to uphold judicial sales, and to protect the rights of purchasers under them.

   See opinion for the statement of the facts of a case in which the sale is held to have passed the title to the purchaser, although the proceedings were erroneous, and would have been reversed if an appeal had been prosecuted in due time.

2. Proceedings of judicial tribunals having no jurisdiction over the subject-matter are absolutely void.

---

Dorsey, &c. v. Kendall, &c.

---

3. But when the case is within the jurisdiction of the court, and there is error in the proceedings or judgment, the judgment is voidable only, and the remedy is by appeal. (7 Dana, 480; 9 Dana, 274; 8 B. Monroe, 102.)

C. G. WINTERSMITH, }
M. H. COFER, . . . }  . . . . . . . . For Appellants,

CITED

3 Statute Laws, Loughborough's, pages 244, 245.
8 B. Monroe, 102, Benningfield v. Lead.
9 Dana, 273, Shackleford v. Miller.

BROWN & MURRAY, . . }
CRADDOCK & TRABUE, }  . . . . . . . For Appellees,
LYSANDER HORD, . . . }

CITED

Act of Feb. 20, 1830, Loughborough's Statutes, pp. 240, 241.
Civil Code, sections 479, 371.
2 Parsons on Contracts, 799, 801.
4 Littell, 269, Pees v. Carter's heirs.
7 J. J. Marshall, 374, Smith's executor v. Bryant's executor.
1 J. J. Marshall, 405, Ballard v. Davis.
7 J. J. Marshall, 438, Triplett v. Gill.
7 J. J. Marshall, 225, Garret v. Beatty.
4 B. Monroe, 568, Taylor's heirs v. Watkins.
6 Marshall, 413, Hammon v. Pearl.
5 Dana, 523.                    2 Marshall, 241.
5 Monroe, 450, Parker's heirs v. Anderson's heirs.
4 Bush, 161, Ramage v. Clements.
5 Monroe, 242, Lee v. Colston.
2 J. J. Marshall, 191, Davis v. Harrison.
6 J. J. Marshall, 197, Green v. McKinney's heirs.
1 Greenleaf on Evidence, sections 25, 26.
3 Marshall, 43, Moore v. Farrow.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

In September, 1868, the appellees, Lordsworth and Wm. Kendall, as heirs at law of Enoch Kendall, deceased, instituted an action by an ordinary proceeding, to recover of the appellants a tract of five hundred acres of land, lying in Hardin County, alleged to be in their possession without right, etc. The defendants answered, denying that the plain-

tiffs were the owners of all the land described in the petition, and alleging that by virtue of a decree of the Hardin Circuit Court, rendered in the year 1852, in the suit in equity of Jas. Rhodes, as administrator of Enoch Kendall, against Enoch Kendall's heirs and creditors, a part of this tract of land was laid off and sold under the judgment of the court in that case, and purchased by the appellant, Dorsey, the purchase-money paid therefor, and a deed made him by the commissioner under the order of the Hardin Circuit Court; that the purchase and conveyance included one hundred and ninety-nine and one half acres of the five hundred acre tract.

The defendants also allege a compromise, evidenced by a writing, of the interest or claim of Lordsworth Kendall, one of the appellees, in the land in controversy. The law and facts were submitted to the court by the agreement of parties, and a judgment rendered against the appellants for the land, and from that judgment they have appealed to this court.

The court below, in determining the rights of these parties, was of the opinion that the judgment of the Hardin Circuit Court, in the case of Enoch Kendall's administrator against his heirs and creditors, was void, and therefore no title whatever passed to the appellant, Dorsey, who was the purchaser at the decretal sale.

The suit of Kendall's administrator for the settlement of his estate, and the sale of his land for the payment of his debts, was instituted in the year 1841, and no final judgment rendered until the year 1852. The petition is very unskillfully drawn, and fails to allege or give any description whatever of the land prayed to be sold; and the judgment, following the language of the petition, directs the commissioner to sell so much of the land of the decedent as was necessary to pay the sum of $———, the amount of the indebtedness. The commissioner, under this judgment, advertised the land for sale in the year 1852, and Dorsey, the appellant, purchased

Dorsey, &c. v. Kendall, &c.

the one hundred and ninety-nine and one half acres, and paid the money therefor; this money was paid out to the creditors of the estate, and the commissioner directed to make Dorsey a deed. The land was surveyed, the boundaries ascertained, and the deed made therefor by the commissioner, examined and approved by the court.

The report of the sale made by the commissioner seems to have been lost, and the appellees insist that no sale was ever made of the land. This, however, can not be true, as the order of court confirming the commissioner's report, the making of the deed by him, and the payment of the money by Dorsey, clearly establish that the sale was made, and of the land included in the commissioner's deed to him; the commissioner also swears that he made the sale, and others corroborate his statement, and say that they were present when the sale was made. The purchase-money for the land was paid by Dorsey in the year 1853, and the commissioner at the same time directed to make him a deed; but no deed seems to have been executed until the year 1860.

Enoch Kendall at his death left several children, only two of whom were living when the suit to settle his estate was instituted, and they are the appellees in this case. Only one of the appellees, William Kendall, was actually served with process. The summons was executed upon him on the 17th of July, 1850, and on the 17th of September, 1850, the sheriff of Hardin County returned upon the summons as to Lordsworth Kendall "not found."

On the 20th of October, 1851, an order was made in the case as follows: "*It appearing that the defendant, Lordsworth Kendall, is a non-resident, and has failed to appear and answer, it is therefore ordered that he be and is hereby ordered to appear on or before the first day of the next term of this court and answer the complainant's bill.*" In April, 1852, he having still failed to answer, a traverse was entered for him by the

clerk, under an order of court, denying the allegations of complainant's bill.

The judgment under which appellant claims to have bought this land was rendered in October 1852, and this judgment and the sale under it remained undisturbed until the 11th day of September, 1868, when this action of ejectment was brought by the appellees against Dorsey, and those in possession claiming under him.

There is no question but what, upon an appeal to this court within the time prescribed by law, the judgment in the case of Kendall's administrator against his heirs and creditors would have been reversed for the many errors appearing upon the record in that case; but we can not concur with the court below that the sale to the purchaser passed no title.

Enoch Kendall died in the county of Hardin, and letters of administration were granted by the county court of that county upon his estate. The jurisdiction of the court over the matters in controversy and the parties to the action must be conceded. The land sold was the property of the decedent; the number of acres was ascertained by the commissioner, and he reports by boundary what land he did sell; the sale is confirmed, the deed made and approved by the court, and in our opinion passed the title to the purchaser.

This land claimed by the appellees is the same land sold by the commissioner, and they now, after the lapse of sixteen years from the date of the judgment, seek to review by this collateral proceeding that judgment.

The appellee, Lordsworth Kendall, upon the trial of the present action, introduced witnesses to prove that at the time of the pendency of this suit for the settlement of his father's estate, and when the warning order was made against him, he was a resident of Jefferson County, Kentucky. These witnesses say that he might have been out of the state, but they saw him in Jefferson County, and learned from him that he

Dorsey, &c. v. Kendall, &c.

was living there; he also claims to have been living near this land all the time, and never finds out until sixteen years after the judgment that he had been proceeded against as a non-resident. This proof is introduced for the first time after the lapse of sixteen years from the date of the warning order for the purpose of invalidating the judgment. The proof, if admissible at all, should be clear and satisfactory in its character, and more convincing to the mind than the testimony offered upon this point. In addition to all this, when an effort was made by the present appellants to get possession of this land, or a part of it, there was a written compromise between Lordsworth Kendall and the appellants touching the right of the appellants to the possession; and although the writing is vague and indefinite in its terms, it recognizes the purchase of the land by Dorsey, and resulted in the dismissal of the proceedings by Dorsey, and left him in possession.

The proceedings of judicial tribunals having no jurisdiction over the subject-matter are absolutely void; but where the case is within the jurisdiction of the court, and there is error in the proceedings or judgment, the judgment is voidable only, and the remedy is by an appeal. (7 Dana, 480; 9 Dana, 274; 8 B. Monroe, 102.)

The validity of the judgment rendered in 1852 can not be questioned in this suit instituted in 1868. It is the policy of the law to uphold judicial sales, and to protect the rights of purchasers under them; and there is no reason why in the present case, where one of the appellees was actually served with process and the other constructively served, that they should in such a proceeding as this, after the period of sixteen years from the service of process, be allowed to show that the warning order was improperly obtained, or that the sheriff had made a false return on the summons.

The judgment is reversed, and cause remanded with directions to the court below to dismiss the petition.