Judge Underwood
delivered the Opinion of the Court.
This was a bill io enforce a lien upon a tract of land for the purchase money clue the vendor. The court decreed a sale, and appointed a cofnmissioner to sell so muck of the land as should be necessary to pay the debt, interest and costs of the, common law judgment. The commissioner sold the entire tract, for a larger sum than the debt, interest and costs. This he had no authority to do, under the decree; and therefore his act was void — as much so as the act of a sheriff who sells more land under execution than is required to pay the debt. For this cause, the order and judgment of the court, overruling the exceptions to the commissioner’s report, and confirming said report, and the commissioner’s deed to the purchaser, must be reversed, and the cause remanded,with directions to quash the sale of the land'and the bond taken from the purchaser, and to order another sale.
This question is presented in the record : — shall lands decreed to be sold by the chancellor, on account of a lien thereon, be valued, in the same manner as if they were taken under execution, or may the chancellor’s commissioner proceed to sell without valuation ? It is necessary to decide it, for the government of the parties, on the return of the cause.
The second and sixth sections of the act of 1821, (1 J)ig. 507, 510,) expressly required, that property, real or personal, liable to be sold by an officer, or commissioner, under any order of sale, or decree in chancery, should be appraised, and proceeded on in all respects, as though it had been taken by execution.
On the 24th of January, 1827, the “ several acts of assembly which require property, taken under execution, *186 or directed f0 f,e so\g fry decree or order of a court of chancery., to be valued,” were repealed by the legislature.
^he fifth section of the repealing act provides, “ that when any land shall be offered for sale by a sheriff, or other officer, it shall and may be lawful for the plaintiff and defendant to appoint valuers &c.” This act provides a- different mode of valuation, and authorizes a redemption of. the land sold, unless it brings two thirds of its value. The act of 1821, authorized a redemption unless the land brought three fourths of the appraised value.
The provisions of the act of January, 1827, relating to the sale of lands were incorporated into the “ act to amend and reduce into one the execution laws of the State,” approved 12th February, 1828.
The question will be determined by reaching a correct conclusion as to the effect of the act of January, 1827, upon sales of land decreed or ordered to be sold by a court of chancery.
To bring the system of appraising lands when ordered to be sold by the chancellor, into operation, required deal’ and explicit declarations on the part of the legisla* ture. Accordingly, in 1821, the legislature manifested their intention by language which cannot be misunderstood. In the act of January, 1827, the legislature did clearly and expressly repeal the laws requring a valuation of land when “directed to be sold by decree or order of a court of chancery.” If the system was thereafter i’e-enacted, it was done by this language: “ That when any land shall be offered for sale by a sheriff, or other officer,' &c.” We think the language used will not authorize the construction, that the legislature thereby intended to re-enact the system of valuation in respect to lands sold by.the chancellor, and which system had, in the first section of the same statute, been repealed in the most direct and unequivocal terms. The sixth sec* tion of the act of 1821 shews, that the legislature took a distinction between sales made by the officers of the law, and the commissioners of the' chancellor. We therefore, (Judge Nicholas dissenting on this point,) perceive *187 no ground upon which the terms “sheriff or other officer ” can be enlarged to embrace the commissioner of the chancellor; and we must confine the terms to those officers who, by law, are authorized to levy executions on land, and make sales thereof, in virtue of their offices.
The plaintiff in error must recover his costs.