## Gathwright *vs.* Hazard and Wife.

Case 13.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

MOTION.

1. Sheriffs have no power to sell, under execution, more real estate than is sufficient to satisfy the debt, interest, and costs required to be made upon the execution. If more be sold, the sale is invalid. The same doctrine applies to sales by commissioners under decrees in chancery. (*Blackey vs. Abert,* 1 *Dana,* 185.)

2. The 812th section of the Civil Code does not change this rule, except so far as the defendant may consent to a sale of more than will pay the demand. The officer has no discretion of his own to sell more.

[This was a motion to set aside a sale of real property, made by a commissioner under a judgment of the Louisville chancery court, on the ground that the commissioner had exceeded his authority by selling more land than was necessary to pay the judgment; and other grounds.—REP.]

*Geo. Robertson* for appellant—

Argued—1. That any hardship to Hazard and wife, from the reversal of the decision of the chancellor, ought not to control, where there has been no fraud, which in this case is not pretended. It is safer to maintain the consistency of the law, than to make it so flexible and uncertain as to meet every case of seeming hardship. But the supposed sacrifice in this case is not so great as represented; according to a fair and practical test, the property, which sold for $8 )0, in the opinion of witnesses, was not worth more than $2,000. One witness says, he would not have given more than $1,300 or $1,400 if he had known it would not be redeemed. It is a very narrow lot, only twenty-eight feet front, and not therefore susceptible of an advantageous division.

2. But there is, in the proof in the case, no sufficient ground of surprise, or any sufficient apology for neglecting to give attention to the suit and its

<div style="float:left">GATHWRIGHT<br>vs.<br>HAZARD, &c.</div>

progress. The testimony does not warrant the conclusion that they were lulled by the counsel of the adverse party; or that a sale would not be enforced, it was the duty of the party to look to the case and note its progress.

3. But the application to set aside the sale, after payment of the purchase money, confirmation of the report of sale, and a conveyance comes too late, especially as no sufficient reason is given for failing to do it sooner. Nothing is better settled in our jurisprudence than that the negligence of a party, or the negligence and unskillfulness of his counsel, is no ground for a new trial, or setting aside a decree or sale fairly and regularly made    Although the rigid application of this necessary rule of policy and stable justice may sometimes operate harshly, yet the courts must inflexibly regard it in any case. (See *Story on Injunctions for New Trials*.) It is better to let parties alone than to set a dangerous and vagrant precedent for relieving from individual hardship, by disregarding or relaxing the conservative rules and principles of law.

*Fry & Fields* on the same side—

Gathwright is a *bona fide* purchaser at a public judicial sale, and has paid the whole purchase money; the sale was confirmed, and a deed of conveyance made; the contract of purchase fully executed. Such purchasers are entitled to the protection of the chancellor.

If purchasers at judicial sales, under such circumstances, are not protected, it will greatly prejudice such sales, and none but speculators will be found willing to adventure, and great sacrifices will ensue.

Cases of hardship may occasionally occur under any system, but they do not demand a departure from the established rules of proceeding.

The appellee purchased in December, 1855; Hazard's counsel was informed of the sale in January, 1856, and yet no notice is given to Gathwright of any

intention to set aside the sale; he is permitted to pay the price. Notice to the attorney was notice to Hazard, the appellee. (1 *Story's Eq.*, sec. 108, 64, *note C;* 2 vol. *Sug. on Vend.*, 320, 278; 3 *Litt.*, 26; 1 *Munford*, 38.)

The case of *Dale vs. Sherley*, 5 *B. Mon.*, 495, is not analogous to this. There the purchaser was a party in interest; here the purchaser is a stranger to the suit, in which case this court say that he shall hold the property purchased, though the judgment be reversed after the purchase. (4 *J. J. Mar.*, 693.)

Mere inadequacy of price is not a sufficient ground to vacate and set aside a sale. (3 *Litt.*, 128.)

Though the sale may have been of more land than was necessary to pay the debt, it has been confirmed by the court, and the land conveyed. It is now too late to annull it.

*Pirtle & Ballard* and *P. Joyce* for appellee—

Cases like this have been supported by the affidavit of the party, making the application to set aside sales. (See *Dale vs. Shirley*, 5 *B. Monroe*, 492, and authorities there cited)

The appellees knew nothing of the sale until a few days before the institution of this proceeding.

We refer the court to *section* 812 *of the Code of Practice*, which is sufficient to sustain the decision in this case, and in all cases where a division can be made and a part will satisfy the judgment.

Judge STITES delivered the opinion of the court:            December 23.

This proceeding was had in the Louisville chancery court, in behalf of the appellees, to vacate and set aside a sale and conveyance of a house and lot made under a judgment of that court. and in virtue of which, the appellant claims title to the property.

Upon hearing, the chancellor held—that the sale and conveyance should be set aside upon the appellees paying to appellant his purchase money and interest, together with what expenses he had incurred,

and a bonus of fifty dollars for his trouble, and from that judgment he has appealed.

It appears that, by the decree or judgment authorizing the sale, the marshal was authorized and directed to sell only so much of the property mentioned therein as "would pay to the plaintiff the sum of six hundred dollars together with interest thereon at six per cent. from the 16th April, 1852, until paid; and, also, his costs by him herein expended, including the costs of sale." The property was sold on the 3d of December, 1855, at the price of seven hundred and ninety-five dollars on a credit of four, eight, and twelve months, with interest from date, and appellant became the purchaser. He executed the bonds as required, and paid them in March following, and thereupon a deed was made to him for the property. The amount of debt due, including interest to the day of sale, was $750 80. Add to this, $30, as a reasonable estimate for costs; the taxation of which does not appear; and it appears, that the sum realized, exceeded the amount of debt, interest, and costs, $34 20. This, in our opinion, was a substantial excess affecting fatally the sale. That the excess was near, if not fully, this sum, is evident from Depper's statement as to what he bid for the property, and the order of court appropriating $26, to the payment of taxes, after the leave granted to the plaintiff to withdraw his debt, interest, and costs, and the Marshal his fees.

It is thus apparent from the record, that the officer making the sale, went beyond his authority under the order of sale, and equally so from the testimony, that such exercise of power was not only uncalled for, but seriously prejudicial to the appellees.

The lot sold had upon it two habitable tenements, and was easily susceptible of division. The testimony of Depper, Hare, and Hazard, satisfactorily shows that the front half or part of the lot excluding

the houses erected by appellees, would, if sold, separately, have brought the whole debt and costs.

It has been often decided by this court that a sheriff has no right, in virtue of an execution, to sell more property than sufficient to satisfy the debt, interest, and costs therein; and such sales, where there was a substantial excess, have always been held invalid and void. The same rule has been likewise applied to similar cases arising under sales made by commissioners in chancery acting under a judgment or decree of a court of equity.

In *Blakey vs. Abert,* 1 *Dana,* 185, where there was a bill to enforce a lien upon a tract of land for the purchase money, the court below decreed a sale of *"so much of the land as should be necessary to pay the debt, interest, and costs of the common law judgment."* The commissioner sold the entire tract for a larger sum than the debt, interest, and costs. This court held that he had no authority so to do, and said that "his act *was void*, as much so, as the act of a sheriff who sells more land under execution than is required to pay the debt."

The civil Code, (*sec.* 812,) does not help this sale nor impart legality to an authorized act of the Marshal.

It provides that, "in the sale of a small portion of real estate, if the defendant does not require less than the whole to be sold, where less will produce the debt, the officer making the sale may exercise his discretion with a view to the interest of the defendant, whether to sell the whole or less than the whole as he may think it advantageously susceptible of division," &c.

This regulation applies as well to sales under execution, as under judgments in equity; but is, in our opinion, limited to cases where there are no special directions or restrictions in the order or judgment authorizing the sale. Where, as in this case, the chancellor assumes, as he had the right to do, to direct specially how much of the property should

GATHWRIGHT
*vs.*
HAZARD, &c.

1. Sheriffs have no power to sell, under execution, more real estate than is sufficient to satisfy the debt, interest, and costs required to be made upon the execution. If more be sold, the sale is invalid. The same doctrine applies to sales by commissioners under decrees in chancery. (*Blakey vs. Abert,* 1 *Dana,* 185.)

2. The 812th section of the Civil Code does not change this rule, except so far as the defendant may consent to a sale of more than will pay the demand. The officer has no discretion of his own to sell more.

be sold, no discretion is left the officer acting under such order. It is his only authority, and he must obey it.

The report of the Marshal shows that he assumed to exercise his discretion as to dividing the lot sold; and the proof shows that this assumption was greatly to the prejudice of the appellees.

This exercise of power on his part, was virtually, if not in terms, withheld from him by the order of sale; and has, as we have shown, resulted fatally to the sale and conveyance thereunder.

The chancellor properly put the appellees upon terms to pay to Gathwright the sums mentioned in the judgment, as he was entitled by substitution to the rights of the mortgage; and, also, to a reasonable compensation for outlays and trouble attending the transaction.

Judgment affirmed.