Case 123—EQUITY—December 10, 1881.

# Barbee v. Fox, &c.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. By section 445, Myers' Code, it is not required that it shall appear upon the order-book that a motion was formally made by the non-resident to set aside the judgment against him. Where, as in this case, he has given security for costs, and filed a pleading asking that the judgment be set aside, a previous appearance and motion by him for a new trial is necessarily implied.

2. When a non-resident, within five years after the rendition of a judgment for the sale of his land, appears and gives security for costs, and is admitted to make defense, section 445, Myers' Code, imperatively requires that the case shall be re-tried, and upon the re-trial the court may confirm the former judgment, modify it, or set it aside.

3. The charter of the city of Louisville of 1851 provided that a decree directing a sale of the land of a non-resident to satisfy the lien of a contractor should make provision for the redemption of the property at any time within three years. The decree in this case did so provide, but the sale was confirmed absolutely, and a conveyance ordered to be made to the purchaser immediately, he being in possession. The order of confirmation was, on motion.of the heirs of the non-resident made within five years, set aside, but the sale was again confirmed, and three years allowed in which to redeem. *Held*—1. That the reservation in the judgment of the right to redeem did not obviate the necessity of reserving that right in the

order of confirmation. 2. The order of confirmation should have been modified and not set aside, but appellants were not prejudiced by the action of the court. 3. The limitation of three years begins. to run only from the date of the last order of confirmation.

4. Under the charter the court had no right to require appellees, as a condition of the right to redeem, to pay taxes levied previous to the sale.

RUSSELL & HELM FOR APPELLANT.

1. The paper filed by appellees, styled an answer and cross-petition, is. not a motion to have the action re-tried, and appellees not having complied with the law by appearing and moving to have the action re-tried within the time prescribed by law, are deprived of any right to make defense. (Kinney v. O'Bannon, 6 Bush, 692.)

2. The report which the order of June 24th, 1870, confirms, expressly reserves the right to redeem, which is equivalent to an express reservation of that right in the order.

3. The court should have confirmed that order, instead of setting it aside and entering a new one.

GEO. B. EASTIN AND JAMES S. PIRTLE, OF COUNSEL FOR APPELLANT.

J. R. BOONE FOR APPELLEES.
Brief withdrawn.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

In 1855 McAtee brought an action in the Louisville chancery court under an act of the general assembly, entitled "An act to charter the city of Louisville," approved March 24, 1851, for the purpose of enforcing his lien as. contractor upon certain lots of land belonging to Thos. W. Fox. In pursuance of the judgment rendered in the action, the lots were, February 23, 1857, sold by the marshal of the court, and purchased by appellant Barbee. The sale was reported to court, approved, and confirmed, and a deed made to appellant.

Thos. W. Fox was at the time a non-resident of the state, and before the court by constructive service of process only:

and it now appears died between the time the sale was made and the order of court confirming the report of sale.

June 25, 1869, the action was reinstated on the docket, and McAtee, for the use of Barbee, filed a supplemental petition for the purpose of having the report of sale again approved and confirmed.

The heirs at law of Thos. W. Fox, deceased, were, by the supplemental petition, made parties to the action, and brought before the court by constructive service of process.

June 24, 1870, the action being submitted for trial, an order of court was made, again approving and confirming the report of sale made in 1857.

June 23, 1875, appellees, heirs at law of Thos. W. Fox, filed in court a paper called by them an answer and cross-petition. In it they allege they were non-residents, and ignorant of the proceedings had in the action until a few days before filing their answer and cross-petition; that no bond was executed by the plaintiff, as required by the Civil Code, previous to the order of June 24, 1870; that the right to redeem the lots within three years, as provided in the act under which the proceedings were had, was not reserved to them in the order of confirmation; that one of the defendants in the action has since his birth been of unsound mind and incapable of transacting business, and was not represented in the action previous to the confirmation of the sale by a guardian or committee, and that the entry of Barbee upon the lots was wrongful, and his attempt to convey the same to Ray was fraudulent on the part of both of them. They asked for possession of the lots; that the order of June 24, 1870, be set aside, and they be permitted to pay the debts due on the lots and satisfy the judgment against their deceased father, Thos. W. Fox.

September 24, 1875, appellants moved the court to strike from the files the answer and cross-petition, and October 9, 1875, appellees filed exceptions to the report of sale made by the marshal in 1857.

November 3, 1876, the court made an order sustaining the motion to strike from the files the paper filed June 23, 1875, so far as it purported to be an answer and cross-petition, but retaining it as a motion for re-trial of the application to confirm the marshal's report of sale and as exceptions to said report.

June 30, 1879, the court rendered judgment. By that judgment the order of June 24, 1870, confirming the report of sale, was set aside, the exceptions filed by appellees overruled, and the sale finally approved and confirmed; but to appellees was reserved the right, at any time within three years from the date of the judgment, to redeem the property sold by paying to Barbee, the purchaser, the sum bid by him, and interest thereon at the rate of ten per cent. per annum, from February 23, 1857, until paid, and all taxes and levies made subsequent to the sale, and if not redeemed, the sale to be final. An order was also made restoring the possession of the lots to appellees.

From that judgment this appeal is prosecuted, and the objections made to it will be considered.

So much of section 445, Myers' Code, as applies to this case, is as follows: "When a judgment has been rendered against a defendant or defendants constructively summoned, and who did not appear, such defendants, or any one or more of them, may, at any time within five years after the rendition of the judgment, appear in court and move to have the action re-tried, and security for costs being given, they shall be admitted to make defense; and thereupon the action

shall be re-tried as to such defendants as if there had been no judgment, and upon the new trial the court may confirm the former judgment, or modify or set it aside," &c.

Appellants contend that appellees did not, within five years from the time the order of confirmation was made, appear in court and move to have the action re-tried as required by that section of the Code.

It is true, the record does not show that they complied literally with the requirement of the Code by making a formal motion to have the action re-tried. They did, however, give security for costs, and file their answer and cross-petition in open court. In our opinion it is not necessary that a motion to have the action re-tried be entered *in haec verba.* The execution of the bond for costs, and order of court directing their pleading to be filed, imply both the appearance of appellees in court and motion for re-trial.

Appellants contend also that the court erred in permitting appellees to file exceptions to the report of sale on the 9th of October, 1875, which was after the expiration of five years from the order of confirmation, and also overruling their motion to strike from the files the paper filed by appellees June 23, 1875, and treating it as a motion for a re-trial of the application to confirm the report of sale, and as exceptions thereto.

Appellees having within five years from the date of the order of confirmation acquired a standing in court by a substantial compliance with the requirement of the Civil Code, and also filed a paper which, though called by them an answer and cross-petition, was subsequently permitted by the court to remain on file and be treated as exceptions, had the same right to amend their pleading or proceeding as they would have had under section 161, Myers' Code,

Barbee v. Fox, &c.

if they had been present in court before the order was en-tered.

In our opinion, therefore, it was not an abuse of the dis-cretion given to the court in such cases to permit the excep-tions to be filed October 9, 1875.

The paper filed the 23d of June, 1875, cannot be prop-erly considered a motion for re-trial, because the filing it followed and was the result of the motion.   But so far as it contained exceptions to the report of sale, or grounds for setting aside the order of confirmation, it was proper to retain and so consider it.   And it was even proper to file it as an answer to the supplemental petition of appellants, and being filed as such, the only way it could have been prop-erly disposed of was by demurrer, and that would have reached to the supplemental petition.

In the latter were two allegations: *First*, that Thos. W. Fox died previous to the first confirmation of sale.   *Second*, that Barbee took and held possession of the lots in good faith, and believing them to be his own, sold to Ray.

The first allegation is a statement of a fact that rendered the first confirmation of sale void, and changed his attitude from that of a rightful owner and holder of the property to that of a mere bidder at the sale.   The other we do not consider material.   Nor is it now important how the paper filed by appellees June 23, 1875, considered as a pleading, was disposed of, as the only questions necessary to be deter-mined are presented by the exception contained in it and the paper filed October 9th.

The questions thus presented are— ,

1. Whether the court erred in setting aside the order of confirmation made June 24th, 1870, and again approving and confirming the report of sale.

2. Whether the right of appellees to redeem the property terminated at the end of three years from June 24, 1870, or continues three years from the date of the judgment appealed from.

The judgment enforcing McAtee's lien having been rendered more than five years before appellees appeared in court and moved to have the action re-tried, cannot be now vacated or set aside. But appellees having given security for costs and been admitted to make defense before the expiration of five years from the order of June 24, 1870 (section 445, Myers' Code), required the issue as to the confirmation of the report of sale to be re-tried as to them as if there had been no order of confirmation, and upon the re-trial the court had the power to confirm that order, or modify or set it aside.

And every defense or objection they could have made to the motion to confirm the report of sale before it was done, as well as every motion they might have made to modify or set aside the order of confirmation after it was entered, if they had been present by actual service of summons, they had the right to make upon the re-trial.

There does not appear sufficient grounds for rejecting the report of sale, and the order of June 24, 1870, so far as it approved and confirmed that sale, was proper and valid, and the court erred in setting it aside. But section 5, article 7, of the act of 1851, before referred to, requires that "the court confirming any sale made under such decree shall direct that the property be redeemable at any time within three years by the owner on paying the principal sum, and interest at the rate of ten per cent. per annum, and all taxes and levies made subsequent to the sale thereof, and if not redeemed within the time specified, that the sale shall be

final; and after the time for redeeming shall have expired, the court shall cause a conveyance to be made to the purchaser by a commissioner."

By the order of June 24, 1870, the sale to Barbee was approved and confirmed absolutely without a reservation of the right given by the act to appellees to redeem, and the commissioner of court was directed to execute to him a deed for the property, while he was left in possession of the property that he had held for years under the previous void order of confirmation, and to which he had no right until the expiration of three years from the date of the order.

By section 800, Myers' Code, the court had the power at any time within sixty days from the date of that order, and if appellees had within that period appeared in court and moved therefor, it would have been the duty of the court to have so modified it as to reserve to them by the terms of the order the right to redeem within three years, to have set aside so much of it as directed the deed to be made to the purchaser before the end of that period, and to have so amended it as to require him to deliver the possession of the property to be held by them while their right to redeem existed. Upon the new trial provided for by section 145, the court had the power, and in our opinion it was its duty, to ascertain and secure in the judgment appealed from, as was done, those rights of appellees which were either denied or omitted to be reserved to them by the order of June 24, 1870. Consequently, the error of the court in setting aside instead of modifying that order does not affect the substantial rights of the parties.

2. It is contended by appellants that the right to redeem being recognized and provided for in the judgment directing the property to be sold, it was not essential the right should

in express terms have been reserved in the order of confirmation. A sufficient answer to that position is, that the statute under which the proceedings were had expressly required the court confirming the sale to direct that the property be redeemable within three years, and also provided that no deed could be made to the purchaser until the end of that period.

The effect of the order of June 24, 1870, as it stood, was to divest appellees of the title and possession as well as the right to redeem. For neither was the right reserved or the terms prescribed upon which it might be exercised, nor was any provision made to reinvest them with the title or possession in case they redeemed the property. It therefore follows that the limitation of three years did not begin to run against them until the judgment appealed from was rendered.

As the act of 1851 requires the owners of property sold in such cases as this to repay to the purchaser only taxes or levies made subsequent to the sale, the court had no right to require appellees, as a condition of the right to redeem, to pay those which may have been made previous to the sale.

Wherefore, the judgment of the court below is affirmed.

To a petition for rehearing—

CHIEF JUSTICE LEWIS DELIVERED THE FOLLOWING RESPONSE:

By the fifth section, seventh article, of the statute under which the property of appellees was sold, it was made the duty of the court *confirming*, not the court decreeing, a sale of it to reserve in the order of confirmation their right to redeem at any time within three years from the date thereof, and to also prescribe the terms upon which they might ex-

Barbee v. Fox, &c.

·ercise that right.  But the order of confirmation made June 24, 1870, contained neither a reservation or recognition of the right, but was made absolute and unconditional.

By the same section it is provided that the court shall not cause a conveyance of the property to be made to the purchaser until the time for redeeming has expired.  But the court, in the same order, directed the commissioner to then execute a deed to the purchaser, Barbee.

Barbee had no right to the possession of the property until the expiration of three years from the date of the order of confirmation, and then only upon the failure of appellees to redeem.  But he held the possession from 1857 until 1879, when the judgment now appealed from was rendered, undisturbed by the order of June 24, 1870.

So that if, after the expiration of sixty days from the date of that order, when under section 800, Myers' Code, the power of the court to vacate or modify it ceased, appellees had offered to redeem the property, they would have found appellant Barbee in possession, claiming under a deed made in pursuance of an order that the court was then without the power to set aside, and their right to redeem ignored, if not adjudged to have terminated.

There is no other way to account for such palpable violation of the statute, except upon the idea that the court, when the order of June 24 was made, was of the opinion that the right of appellees to redeem had expired at the end of three years from the date of the sale made in 1857, and did not then exist at all; and it is difficult to avoid that conclusion if, as counsel for appellant contends, the reservation of the right to redeem made in the judgment for the sale of the property is to be considered as a substantial and sufficient compliance with the statute.

The legal effect of the order of June 24 was to make the right of appellees to redeem questionable, if it was not conclusive against them, and to compel them, though willing and able to redeem, to resort to proceedings not required by the letter or spirit of the statute in order to recover of appellant possession of their property, and to divest him of the title which the court had prematurely and improperly caused to be conveyed to him.

The limitation of three years, therefore, did not begin to run until the judgment appealed from was rendered, when, for the first time, the right to redeem was recognized, and the free and unobstructed exercise of that right provided for in the manner required by the statute.

The petition for rehearing is overruled.