THOMAS BESS *v.* MARTHA HAGAN, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—298.]

**Judicial Sale of Real Estate.**

 Where the court has jurisdiction of the parties and of the subject-matter, its judgment unappealed from is final; and the title under a

sale ordered and confirmed passes title to the purchaser. Irregularities in such a judgment will not defeat such title.

APPEAL FROM LOUISVILLE CHANCERY COURT.

October 29, 1885.

OPINION BY JUDGE PRYOR:

There is a plain distinction between this case and that of *Barbee v. Fox, 79* Ky. 588, 3 Ky. L. 426, 654. There the lien of the contractor had been enforced against the realty owned by a nonresident, and Fox (the nonresident) was before the court by constructive service only. The heirs of Fox came in and asked to be allowed to relieve the lien and under Meyers' code had five years after the rendition of the judgment in which to appear and move to have the action retried. This the heirs did, and their case being heard in this court they were permitted to redeem.

Here the party appealing was before the court by actual service and the bill taken for confessed, no answer having been filed. The order confirming the sale failed to allow the time for redemption as required by the charter of the city and was error only. The remedy was by an appeal, and to prevent the sale a supersedeas would have to be issued staying the proceedings under the judgment. The proceedings were not void and a sale under the judgment passed the title.

There were no exceptions to the report of sale, and after the lapse of three years from the judgment or the order of confirmation the appellant appears for the first time and makes his objections to the proceedings. The purchaser was entitled to a deed, although objections were made, and besides, he does not even tender or offer to redeem, but proceeds on the idea that the judgment or order of confirmation was void. The court had jurisdiction of the parties and of the subject-matter and therefore the title under the sale passed.

Judgment *affirmed*.

*Elliot & Hemingray, for appellant.*

*Samuel B. Richardson, for appellees.*

[Cited, *Martin's Exrx. v. Slaughter,* 20 Ky. L., 1744, 50 S. W. 27.]