T. S. RANDALL, ET AL. *v.* L. B. REDD & BROTHERS.

[Abstract Kentucky Law Reporter Vol. 7—672.]

**Motion to Set Aside Judgment.**

    Where process is duly served in a cause and steps taken by a plaintiff to enforce a contractor's lien, and no appearance is made by the defendant in the cause until long after judgment is entered and the property sold under it, such sale and the judgment will not be set aside at the instance of the defendant, in the absence of fraud in procuring the judgment or in the sale of the property.

**Power of Court Over Its Judgments.**

    The Louisville Chancery Court has such control over its judgments for sixty days after their rendition as circuit courts have over their judgments during the term at which they are rendered.

**Order Confirming Sale.**

    An order of the court confirming a sale of real estate, not void, will not be set aside upon the application of a party who was regularly before the court when the order was made, and who makes no objection thereto for eleven years thereafter.

APPEAL FROM LOUISVILLE CHANCERY COURT.

March 30, 1886.

OPINION BY JUDGE HOLT:

The judgment for the enforcement of the contractor's lien was rendered in this action on February 27, 1874, after proper and actual service of process. The sale was made on May 11, 1874, and reported to the court on May 15 following. The appellants never appeared until May 22, 1874, when upon their motion further time was given them to file exceptions to the report of sale; and on May 29, 1874, they did so, and also moved the court to set

aside not only the sale, but the decree under which it had been made, and dismiss the petition.

If the cause of action was defectively stated, or if Roberts' right or interest did not sufficiently appear from the petition, or if the plaintiffs were claiming too much, or had not given the proper credits, objection should have been made before judgment. The claim of the appellants that they were misled by the appellees' attorney is supported alone by the affidavit of the appellee, T. S. Randall, and it is controverted by that of the attorney, who is not an interested party; and even if they were in equipoise the appellants, having the burden upon this question, must fail.

On July 3, 1874, and while the motions above named were pending, at the instance of the appellees an order was entered confirming the sale, and directing a commissioner to convey to the purchaser. Although it did not specifically adjudge upon each objection to the report, yet it must be held to have disposed of them as well as of the motion to set aside the sale. It is urged that it was entered prematurely and substantially, in effect, without any notice being given as required by the rules of the lower court that such a motion should be made; and that it is void as it did not provide that the appellants should have three years within which to redeem the property, as required by the charter of the city of Louisville. The Louisville Chancery Court has such control over its judgments for sixty days after their rendition as circuit courts have over their judgments during the term at which they are rendered.

Here the parties were regularly before the court by summons; and hence this case is unlike that of *Barbee v. Fox,* 79 Ky. 588, 3 Ky. L. 426, 654, where the appellees were only constructively before the court as nonresidents and were asking a new trial under the five-year statute.

The order of conformation in this instance was not void, and not until June 12, 1885, was any objection whatever made to it by the appellants; when nearly eleven years had elapsed a motion was made by them to set it aside. It was then too late to rely upon the alleged action of the marshal in selling for too large a sum or the other enumerated grounds. Manifestly the motion to set aside the judgment enforcing the lien came too late, as did also the motion to vacate the order confirming the report of sale.

When made the court had no power to sustain them. If any loss has come to the appellants it is plainly attributable not to any neglect of counsel but to the fact that they themselves slept in time of danger.

Judgment *affirmed*.

*Elliott & Hemingray, for appellants.*