JUDGE PRYOR
delivered the opinion op the court.
In May, 1851, Meredith McGee obtained a judgment in the Daviess Circuit Court enforcing his lien for the purchase-money due on a tract of land sold by him to John A. Gist in trust for Letitia Gist. The judgment directed the commissioner to sell so much of the land as would satisfy the debt, amounting to $316.36. The commissioner, instead of following the judgment, sold the land for four hundred and thirty-five dollars, Harrison Yewell being the purchaser. The report of sale was made, confirmed by the court, and the purchase-money having been paid, a deed was made to Yewell by the commissioner under an order of court and recorded. Yewell sold the land to McGee, McGee to "Wade, *410 and Wade to J. M. Dawson. The latter having died, a deed was made to his widow and children..
Letitia Gist having married G. W. Litsey, and these parties being in possession of the land, the widow and children of Dawson instituted this action for its recovery, making the proceedings in the action of McGee to enforce his lien for the purchase-money the evidence of their title, their ancestor having purchased from the vendees of Yewell, who bought the land at the sale made by the commissioner.
Litsey and wife filed a demurrer to the petition upon the ground, as maintained by counsel, that it appealing from the record in the case of McGee against Letitia Gist (now Litsey) that the land was sold by the commissioner for more than the judgment, the sale and all subsequent proceedings under it were null and void, passing no title whatever to the purchaser. The court below sustained the demurrer, of which the appellants now complain.
The commissioner having sold the land for more than the debt and without any such authority conferred by the judgment, there can be no doubt but what his report of sale upon exceptions filed should have been disregarded by the court and a resale ordered. This, however, is not the question presented by the record.
The commissioner reported the sale made under the judgment, the sale was confirmed, and a deed made, and now in a proceeding to recover the land the defense is that the record is no evidence of title, as the court in the order of confirmation has ratified a sale that was void. There is no question but what such a sale made by a sheriff would be a nullity and pass no title to the purchaser, but there is a well-recognized distinction between a sale made by a sheriff under an Ordinary execution and a sale made by a commissioner and confirmed by the court—the one being a ministerial and the other a judicial act. In the case of an execution sale *411 the sheriff has a plain ministerial duty to perform by selling the debtor’s property for the debt, interest, and costs; and if he exceeds the authority given him by the fi. fa., it is a usurpation of power, for the time being at least, that the debtor is po-werless to control. The action of the sheriff does not require the approval or confirmation of the court, and therefore the wisdom of the rule declaring such unauthorized acts on the part of officers or even ministerial agents null and void. The commissioner acts in selling the property as the agent of a judicial officer and in pursuance of the mandatory clause of the judgment. He is directed to accept bids for the property, to be approved or rejected in the exercise of a legal discretion by the chancellor; and if in the opinion of that officer the commissioner has transcended his authority, his report of sale is rejected, and if not, it is confirmed. The order of confirmation is a judicial recognition of the right df the commissioner to make the sale as reported, and is such a final order as may be appealed from by the party aggrieved. The chancellor alone is to judge of the validity of such sales, and the true test in all such cases is, did the court have jurisdiction of the parties and the subject-matter of the action when rendering the judgment; if so, it determines the rights of all the parties to that judgment so long as it remains uiire versed.
The same court, rendering the judgment for the sale of the property in this case and confirming the sale made by the commissioner, is now called on to nullify its own act, and to correct an error that could have been alone remedied after the expiration of the term at which it was rendered by an appeal to this court. If exceptions had been filed to the report and overruled, it must be conceded that this would have been an adjudication of the question, but not more so than when the confirmation is made without any exception. The sale having been made and confirmed by a court of competent jurisdiction, *412 it can not be assailed in a collateral proceeding. (Voorhees v. Bank of the United States, and authorities cited, 10 Peters, 451; Bustard v. Gates, 4 Dana, 440; Dorsey v. Kendall, 8 Bush, 299.)
The case of Blakey v. Abert (1 Dana, 185) is not in conflict' with the principle herein stated. In that case the vendor was enforcing his lien on the land sold, the commissioner selling the entire tract for a larger sum than the debt, interest, and costs. The court below overruled the exceptions to the commissioner’s report and ordered a deed made to the purchaser, and this court upon an appeal adjudged that the act of the commissioner in selling more land than was required to pay the debt was as invalid as such a sale would have been by a sheriff under an ordinary execution, and so this court would have adjudged upon an appeal from the judgment enforcing the lien in the present case; but if no appeal had been taken in the case of Blakey v. Abert, it will scarcely be argued that the proceeding could have been declared void in a collateral proceeding for an error that could alone have been corrected by an appeal. The case of Gathwright v. Hazard (17 B. Mon. 560), based upon the opinion in the case of Blakey v. Abert, adjudges that the same doctrine applies to sales by commissioners under decrees as sales by sheriffs under ordinary execution; but a careful examination of the arguments in that case will show that it was a proceeding to vacate the judgment upon the ground of surprise, and for a want of knowledge on the part of parties interested as to the pendency of the action.
The expression used in the opinions rendered in each of the cases referred to, “that the act of the commissioner was; void,” might properly be applied to a sale made by a'sheriff, or even used in determining the question under an appeal from the judgment confirming such a sale as this; but in a collateral proceeding, if the parties and subject-matter of the action were *413 within the jurisdiction of the court rendering the judgment, such errors are voidable only, and can be corrected alone by some direct proceeding furnishing grounds for vacating the judgment, as provided by the Code, or by an appeal; and it is only in cases where there is an entire want of jurisdiction that such judgments can be collaterally .questioned.
The judgment of the court below sustaining the demurrer is therefore reversed, and the cause remanded for further proceedings consistent with this opinion.
Judge Cofer not sitting.