JUDGE PRYOR
delitered the opinion of the court
A judgment was rendered in the court below for a sale of the land of James Noland, deceased, for the payment of debts. The action was instituted by the administrator, the *427 land was sold, and Winn became the purchaser. The widow and children of the decedent, some of whom are infants, prosecute this appeal from the judgment of sale, from the order confirming the commissioner’s report of sale, and from the judgment dismissing the petition in equity styled a petition for a new trial. The purchaser of the land is made an appellee.
There is no sufficient description of the land, either in the petition or judgment directing the sale, and the purchaser, although satisfied with the purchase, is unable to know from the judgment whether he has purchased the land of the decedent or not. Nor was the land sold by the commissioner directed to execute the judgment. It is conceded, and also appears from the proof of the appellees heard upon the exceptions to the commissioner’s report, that the sale was made on the premises, a distance of nine miles from the court-house, by an auctioneer, under an authority delegated to him by the commissioner. We know of no rule of law authorizing or permitting the discharge of such a duty by any other agent than the one appointed by the court. In this instance, as the land had to be first offered in separate parcels, and in so doing the rights of the widow and infants protected, it was important that the commissioner should have been present so as to direct the manner of sale, that it might prove advantageous to both debtor and creditor. That he gave instructions to that effect, is no discharge of the duty imposed upon him; and although the auctioneer may have obeyed his instructions to the letter, the presence of the commissioner was indispensable. This officer, when present, may obtain an auctioneer to cry the sale, but to vest such authority in an agent without his personal supervision is not such an execution of the judgment as the law requires, and the sale should be set aside. This fact, connected with a want of description of the land to be sold, leaves the purchaser without title, and accounts for the great inadequacy in the price.
*428 “It is a general principle applicable to all judicial sales that they are to be conducted, unless differently provided for by statute, by a person designated for that purpose in the license order or decree, or under his immediate direction and superintendence, but he may employ an auctioneer to cry the sale if it be done in his presence.” (Rorer on Judicial Sales, page 44; Williamson v. Berry, 8 Howard, 495; Blossom v. Railroad Company, 3 Wallace, 196; Blakey v. Abert, 1 Dana, 185.)
The judgment directing the sale is reversed, with directions to set aside the order confirming the commissioner’s report of sale. The administrator should be allowed to amend his pleadings. The appeal from the judgment dismissing the petition in equity is dismissed, and the appellants will pay one fourth the costs in this court, the cases having been consolidated.
The cause is remanded for further proceedings consistent with this opinion.