ELIZA COCHRAN, ET AL., *v.* ROBERT TRIPLETT'S EX'RS.

**Infants—Judgment for Sale of Real Estate.**

When process issued against the minor children of a named person, and there is a return showing service upon infants named as the children of such person, and a guardian ad litem is appointed and answers for such minors, a judgment ordering the sale of their real estate may be legally entered.

**Sale of More Real Estate Than Necessary.**

When a sale of slightly more of a lot of real estate than was necessary to pay the debt, interest and costs, is made, it is at most but an irregularity and will not render the judgment or sale void.

APPEAL FROM DAVIESS CIRCUIT COURT.

January 17, 1877.

OPINION BY JUDGE COFER:

The appellants did not allege that the two children of Mrs. Cochran, in being when Stout's suit was commenced, were not served with process, but on the contrary, by a clear implication, admit that they were served. They do not complain in the petition that the judgment in that suit was void, except on the grounds that "the process had not been served a sufficient length of time before the guardian ad litem was appointed, and because the decree ordered the sale of the whole lot, being more than was necessary for the payment of the debt, interest and costs, and because said decree was obtained by fraud." That was certainly an admission that process was served, and did not raise the question whether the then infant

cestui que trust were made parties or served with process; and as no such issue was raised by the pleadings, we need not decide it. If the record of that suit had not been set up by the appellants, and the appellees had set it up in their defense, they might have been required to show that the parties were before the court; but even in that case we incline to the opinion that after such lapse of time the recital in the judgment that they had been served with process would be sufficient, without actually producing the process and the officer's return thereon.

The infant defendants in that case were described as the children of Eliza Cochran, wife of James Cochran, and although their Christian names were not given, we think it ought to be presumed that the process which is returned "executed" was served upon the proper persons, and that if it had been alleged in this case that they were not served the record would be held sufficient to show that they were before the court.

Although John Clay had not signified his acceptance of the trust when he was served with process, he did so afterwards and before judgment was rendered, and he being before the court, the court had jurisdiction to decree a sale. The sale of more of the lot than was necessary to pay the debt, interest and cost, was at most but an irregularity, and did not render the judgment or sale void. *Dawson v. Litsey,* 10 Bush 408. The small excess of the price for which the lots sold, over and above the debts, interest and cost, was due to Clary, trustee, and so much of this action as sought to recover that balance was barred by the act of limitations, which was pleaded.

The judgment must be *affirmed.*

*G. W. Jolly, for appellants.    W. W. Sweeney, for appellees.*