## Benton v. King.

(Decided May 22, 1923.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Judgment—May be Entered Nunc Pro Tunc if Previously Rendered. —Courts have authority to enter judgments and decrees nunc pro tunc, the office of which is to record some act of the court done at a former time which was not carried into the record, but its power to make such entries is restricted to placing in the record evidence of judicial action which has been actually taken; it may be used to make the record speak the truth, but not to make it speak what it did not speak but ought to have spoken.

2. Adoption—Judge's Indorsement on Back of Petition for Adoption Held to Authorize Judgment Nunc Pro Tunc.—Where a petition for adoption was indorsed on the back thereof by the judge, "Let this petition be filed and an order of adoption entered in accordance with the prayer of the petitioners," but the judgment of adoption had never been entered, the indorsement was sufficient to authorize the entry nunc pro tunc of a judgment after the petitioners had died so as to entitle the adopted child to inherit their property.

3. Judgment—Motions—Cannot be Entered Nunc Pro Tunc to Prejudice of Vested Rights of Innocent Persons.—A judgment or order cannot be entered nunc pro tunc, where vested rights of innocent persons are injuriously affected thereby.

4. Adoption—Second Husband of Widow is Not Innocent Person Against Whom Judgment of Adoption During First Marriage Cannot be Entered Nunc Pro Tunc.—Where a husband and wife believed they had legally adopted a child, who resided with them until she married, after which the husband died, and his widow remarried, the second husband of the widow after her death is not an innocent person having vested rights to the property owned by the adopting husband and wife so as to prevent an entry nunc pro tunc of the judgment of adoption.

LAWRENCE S. GRAUMAN for appellant.

HUMPHREY, CRAWFORD & MIDDLETON and MARVIN H. TAYLOR for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

This ex parte proceeding, instituted April 1, 1903, in the Jefferson circuit court, by John Thomas and wife, Addie Thomas (colored), for the adoption of thirteen-year-old Annie Stratton, her father, Samuel Stratton, consenting thereto in writing, and her mother being dead, was carried into judgment by *nunc pro tunc* order, entered in 1921. The petition in part reads:

"The petitioners, John Thomas and Addie Thomas, his wife, state that they are husband and wife; that they reside in the city of Louisville, Jefferson county, Kentucky, and that they are each of and above the age of twenty-one years; that by and with the consent of Samuel Stratton, the father and only surviving parent of Annie Stratton, an infant of the age of thirteen years, they are desirous of adopting said Annie Stratton, and of making her capable of inheriting their estate, and they desire the care, custody and parental control of said infant, and to assume all the duties and responsibilities of parents towards her."

At the end of the petition is attached the consent of the father of the child, which reads:

"I hereby consent to the adoption of my child as prayed for herein, the mother being dead.

"SAMUEL STRATTON.

"Attest: SAM'L CLEAVER."

There was no objection to the adoption, and when the cause was submitted to the chancellor he examined the record and made the following endorsement on the back of the petition:

"Let this petition be filed and an order entered in accordance with the prayer of the petitioners.

"ASHER G. CARUTH, Judge. 4/1/03."

No other or further order was made at that time in the case. The child was in the custody and care of the petitioners and the matter passed. Later John Thomas, one of the petitioners, died survived by his wife, the other petitioner, Annie Thomas, who later married William Benton and lived with him several years, departing this life May 18, 1921.

An administrator qualified and was about to turn over the estate to the husband, Benton, when the adopted daughter, Annie Stratton, now Annie Stratton King, of

Chicago, by petition intervened and set up a claim to the estate. When it was discovered that the judgment of adoption had not been entered in the aforementioned proceedings, the adopted daughter sought to have a *nunc pro tunc* order entered showing her adoption as of April 1, 1903. To this the husband, Benton, objected. After hearing, the objection of Benton was overruled and the *nunc pro tunc* order entered. Benton appeals.

Courts of law and equity have from the earliest times possessed and exercised the power of making entries of judgments and decrees *nunc pro tunc* in proper cases, says 15 R. C. L., page 622, when such orders are necessary to prevent injustice to suitors. The office of a judgment *nunc pro tunc* is to record some act of the court done at a former time which was not carried into the record, and the power of the court to make such entries is restricted to placing to record evidence of judicial action which has been actually taken. It may be used to make the record speak the truth, but not to make it speak what it did not speak but ought to have spoken. Hence, a court in entering a judgment *nunc pro tunc* has no power to construe what the judgment means but only to enter of record such judgment as had been formerly rendered, but which had not been entered of record as rendered. In a majority of jurisdictions the rule is recognized that no judgment can be entered or amended *nunc pro tunc* unless the amendment be authorized by matter of record or by some entry made by or under authority of the court, which entry must be shown by the record of the cause, or at least by some book belonging to the officer of the court and required to be kept there by law. Entries in minute books, in judge's notes, and endorsements of the clerk on the papers filed in the case may constitute a sufficient foundation for a judgment *nunc pro tunc*. Graham v. Lyon, 4 B. M. 17.

This court in numerous cases has discussed the essentials of a *nunc pro tunc* order. To justify the entry of such an order there must be some note or memorandum made on the minute or other record book of the court or on the papers in the cause or some part thereof. We have held that a clerk's minutes giving the style of the case and its number, followed by the abbreviation "judg't" is a sufficient basis for the entry of a judgment *nunc pro tunc*. Monarch v. Brey, 106 Ky. 688. In the case of Chester v. Graves, 159 Ky. 244, we held the following notation on the back of the papers in the case to be suf-

ficient to sustain a *nunc pro tunc* order: "Let the above order be entered and be of effect from this date, the 12th of December, 1908. Mat O'Doherty, Judge." The last case referred to was of the same nature as the one under consideration, the *nunc pro tunc* order being made in 1908, several years after it was discovered that the judgment had not been entered according to the notation of the trial judge, and it was held valid.

On the back of the petition in this case containing the averment copied above was an endorsement reading: "Let this petition be filed and an order of adoption entered in accordance with the prayer of the petitioners, Asher G. Caruth, Judge, 4/1/03." The prayer of the petition which the court directed to be followed reads: "Wherefore they pray the court to enter an order and judgment of adoption by them of the said infant in their custody, where she now is, and for such orders as to the court shall seem proper and meet." The endorsement when read and considered in the light of the prayer of the petition seems abundantly sufficient to support and authorize a *nunc pro tunc* order of adoption. The clerk from the endorsement could well have prepared the judgment and should have done so, but by some mistake or oversight failed to place it of record. The child no less than the petitioners regarded the adoption as completed and did not know better until after the death of both petitioners.

Appellant Benton insists that a *nunc pro tunc* order should not be entered; that it would injuriously affect the rights of an innocent person, himself, in this proceeding. True, the rule does not allow the entry of such orders where vested rights of innocent persons are injuriously affected. If Annie Stratton, the child, were actually adopted by the petitioner on April 4, 1903, she was as capable of inheriting the property of the petitioners as if she had been their natural child. Had she been the natural child of the petitioners, it would not have made any difference that she went to Chicago to live after marriage. All rights of the second husband of one of the petitioners were exactly the same as if Annie had been the bodily heir of the petitioners and not merely their adopted daughter, and on the death of the wife the property passed to the child in exactly the same way it would have devolved had she been the heir of the petitioners' body. Appellant Benton was not an innocent person within the

meaning of the rule which he invokes and which prohibits the making of the *nunc pro tunc* orders where the interests of innocent persons are affected.

For the reasons indicated the judgment is affirmed.