## Back et al. v. Bank of Jamestown.

(Decided June 16, 1931.)

656

ROBERT ANTLE and ROLLIN HURT for appellants.

R. E. LLOYD for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On December 30, 1926, M. Back, Rosa Back, his wife, and T. H. Back, executed and delivered to the Bank of Jamestown their promissory note by which they agreed to pay five months after date $4,200 with 6 per cent. interest from maturity. At the same time they secured the note by a second mortgage on two tracts of land located in Russell county. The makers having defaulted in the payment of the debt, the Bank of Jamestown brought this suit in the Russell Circuit Court to recover on the note and enforce its mortgage lien. M. Back and Rosa Back were served with summons, but T. H. Back, being a nonresident, was proceeded against by warning order. A prior mortgage for about $4,000 was held by the Federal Land Bank of Louisville, and it was made a party defendant and served with process. On final hearing personal judgment was rendered against M. Back, and the two tracts of land, or so much thereof as was necessary to pay the bank's debt and costs, were ordered sold, subject to the prior lien of the Federal Land Bank. The large tract was appraised at $10,000, and the small tract at $1,500, and the excess of both over the Federal

Land Bank's mortgage of $4,000 was appraised at $7,-500. At the sale the Bank of Jamestown became the purchaser at the price of $1,000, for which sum the bank and its president, as surety, executed bond payable to the commissioner. On the filing of the report of sale the bank filed exceptions and amended exceptions on numerous grounds. The chancellor set aside the sale on the ground that the land was not sold in accordance with the judgment, and that the commissioner did not make the sale. The defendants appeal.

On the hearing it developed that L. E. Bernard acted as auctioneer and made several sales on the day the land in question was sold. While he says that he acted under the directions and supervision of the master commissioner, he did not remember whether or not the commissioner was present when the sale was announced, or during the time he was making the sale. While stating that he was present several times while the sales were going on that day, the commissioner was also unable to say whether or not he was present at any time during the sale in question. He further testified that the attorney for the bank assisted him in making out the advertisement for the sale, and approved of same when made, and that both he and the president of the bank were present when the sale was made, and made no objection to the manner of the sale. Mr. R. E. Lloyd, the bank's attorney, deposed that he was at the sale, and that the commissioner, Ovel Withers, was not present at the sale, but that L. E. Bernard auctioned the sale and declared the purchaser. In view of the fact that neither the auctioneer nor the commissioner was able to say that the commissioner was present at the sale, and of the positive evidence of Mr. Lloyd that he was not present, it is at once apparent that the chancellor was justified in holding that he was not on hand when the sale took place.

It remains to determine whether the conduct of the sale by the auctioneer in the absence of the commissioner is a sufficient ground for setting aside the sale, and whether it is a ground on which the purchaser may rely.

The commissioner, who is directed by the judgment to make the sale, is the representative of the court, and in the conduct of the sale is vested with a sound discretion, subject to the approval of the court. For this reason he cannot delegate his authority to any one else, and though he may employ an auctioneer if the sale be

made in his presence, and under his supervision, blossom v. Milwaukee, etc., R. Co., 3 Wall. 196, 18 L. Ed. 43, it is not such an execution of the judgment as the law requires if the auctioneer conducts the sale in his absence, and the sale will be set aside. Noland v. Noland's Adm'r. 12 Bush. 426.

We think the ground that the sale was made by the auctioneer in the absence of the commissioner is one on which the purchaser may rely. T. H. Back, one of the defendants, was a nonresident, and was before the court only on constructive service. Under the Code he may appear in the action at any time within five years and avail himself of every objection to the sale that could have been made if he actually had been served with process. Section 414, Civil Code of Practice; Barbee v. Fox, 79 Ky. 588; Williams v. Taylor, 11 Bush 375. In the circumstances it would be unjust to the purchaser to require him to accept a title under a sale that might be subsequently set aside. In our opinion the trial court did not abuse a sound discretion in setting aside the sale.

Judgment affirmed.