## Daniels et al. v. Land et al.

(Decided March 22, 1938.).

EZART ASHCRAFT for appellants.

SHUMATE & SHUMATE and HUGH RIDDELL for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—Affirming.

This is an appeal from a judgment of the Estill circuit court under which certain land of the appellants was sold to satisfy the liens of two executions. The petition of the appellee Bessie Land sets out that in August, 1933, she recovered a judgment against the appellant Harry Daniels in the Estill quarterly court for the sum of $150. An execution was issued, and a return of "no property found" was made. Thereupon she filed a copy of her judgment and execution in the office of the clerk of the Estill circuit court, and an execution was issued and levied on the one-seventh undivided interest of appellant Daniels in a certain tract of land located in Estill county. Appellee set out that by virtue of this execution she had a valid lien on said real estate, and she asked for an order of sale of the appellants' interest in said land to satisfy her claim. Thereafter appellee Roscoe Tipton filed an intervening petition in which he set out the fact that he likewise had levied an execution on appellants' interest in this same tract prior to the levy by Bessie Land. No answer was filed to either the original petition or intervening petition, and judgment was entered sustaining the liens of appel-

lees and directing a sale of the property by the master commissioner of the Estill circuit court.

For some reason not apparent in the record, the property was sold, not by the master commissioner, but by the sheriff. The sheriff reported the appraisement and sale of the property, and the court thereafter confirmed it.

A year after the confirmation appellants moved to set aside the sale on the principal ground that it should have been made by the master commissioner, as directed in the judgment. Appellants at this time also tendered an answer, which the court refused to permit them to file, although it was made a part of the record for the purpose of bringing it to this court. It presents nothing material to the present question unless we should hold the sale invalid. The period for redemption expired, and the court directed its master commissioner to make a deed to the property sold, to which appellant excepted. This appeal followed.

It would seem to be axiomatic that a judicial sale should be made by the officer directed to make it by the judgment. If exceptions had been duly filed to the sheriff's report, there can be no doubt but that the court would have been obligated to set the sale aside. Noland v. Noland's Adm'r, 75 Ky. 426, 12 Bush 426; Back v. Bank of Jamestown, 239 Ky. 655, 40 S. W. (2d) 270. In the case at bar, however, no exceptions were filed, and the motion to set aside the sale was not made until more than a year after it had been confirmed. The record shows that all the necessary steps in the making of the sale were duly taken except only that the officer making it was the sheriff, and not the master commissioner. It is not claimed that appellants had no notice of the sale or that the price paid was inadequate or that the sale was in any way fraudulent. The confirmation of the sale eliminated any mere errors which might avoid it, and we are left, at last, with the bare question: Was the sale void?

The sheriff had apparently already made a return of the executions on the property before the judgment ordering the sale was entered. We cannot, therefore, spell out any right in him to sell the property on that score. Indeed, he did not undertake to act under any other authority than the judgment. This expressly appears in his report of sale.

In Dawson v. Litsey, 73 Ky. 408, 10 Bush 408, an attack was made on a sale by a commissioner under a judgment directing him to sell so much of the land in question as would satisfy the debt. The commissioner sold more land than was necessary, and it was claimed that his action in so doing rendered the sale and all subsequent proceedings null and void. The court pointed out the distinction between the mere ministerial act of a sheriff in selling under an execution, which does not require the approval of a court, and a sale made pursuant to a judgment, which is, in effect, a judicial act. It was recognized that the sale should have been set aside upon timely exception, but the court said:

> "The commissioner acts in selling the property as the agent of a judicial officer and in pursuance of the mandatory clause of the judgment. He is directed to accept bids for the property, to be approved or rejected in the exercise of a legal discretion by the chancellor; and if in the opinion of that officer the commissioner has transcended his authority, his report of sale is rejected, and if not, it is confirmed. The order of confirmation is a judicial recognition of the right of the commissioner to make the sale as reported, and is such a final order as may be appealed from by the party aggrieved. The chancellor alone is to judge of the validity of such sales, and the true test in all such cases is, did the court have jurisdiction of the parties and the subject-matter of the action when rendering the judgment; if so, it determines the rights of all the parties to that judgment so long as it remains unreversed."

It was pointed out that if exceptions had been filed to the report and overruled, "this would have been an adjudication of the question, but not more so than when the confirmation is made without any exception." The application of the principle enunciated in Dawson v. Litsey, supra, to the situation before us is plain. We have here the confirmation of a sale made in due form of law by a court having jurisdiction of both the parties and the subject matter. Unless the sale is void we are not authorized to disturb it.

There is no definite principle upon which it may be said that a court can determine when an act is void and when it is merely voidable. The case of Van Shaack v.

Robbins, 36 Iowa 201, has been quoted several times on the following proposition:

> "Where the word ['void'] is used to secure a right to or confer a benefit on the public, it will, as a rule, be held to mean null and incapable of confirmation. But if used respecting the rights of individuals capable of protecting themselves, it will often be held to mean voidable only."

Applying the principle thus announced to the situation before us, there can be no doubt but that the public interest requires the maintenance of the stability of judicial sales, and, on the other hand, that, so far as the individuals here affected are concerned, they had ample opportunity to protect themselves through the filing of timely exceptions to the report of sale.

It is not questioned but that the sheriff could conduct a decretal sale as agent for the court when properly authorized. It is further apparent that the sheriff here purported to act, and did act, solely on behalf of the court and under the color of the judgment directing the sale. It does not seem illogical to assume, therefore, that, in the absence of exceptions, the act of the sheriff here involved was one which was capable of ratification by the court. Under the settled rules of agency, this ratification was the equivalent of prior authority. See Restatement of the Law of Agency, sec. 84 et seq. If the sale was one which was capable of ratification, then it follows that, howsoever erroneous it may have been, it was voidable, and not void. Since we have concluded that, under the peculiar circumstances here presented, the sale was capable of confirmation, it follows that appellants are too late with their objections and that the judgment of the circuit court was correct.

Judgment affirmed.