Robert S. **STOKELY**, Sheriff Elect of Fleming County, Kentucky, Appellant,

v.

**FLEMING COUNTY FISCAL COURT** et al., Appellees.

Court of Appeals of Kentucky.

May 1, 1959.

O. Lander Bright, Flemingsburg, for appellant.

Howard McCartney, Flemingsburg, for appellee.

STEWART, Judge.

The sole question presented for determination on this appeal is whether an order of the fiscal court of Fleming County dated April 8, 1957, shall govern the allowable salaries of the sheriff's deputies for the ensuing four years, beginning January 6, 1958. The lower court held this order was binding on the sheriff and his deputies, and this appeal is from that ruling.

So far as it is applicable to the issue raised, KRS 64.530 provides that, before the first Monday in May of the election year, the fiscal court of each county shall fix the number and the compensation of the deputies to be hired by the incoming sheriff; and, if that body fails to do so by that date, the number of such sheriff's deputies, and their compensation, pursuant to KRS 64.-730, "shall be the same as for the preceding term."

On April 8, 1957, the fiscal court of Fleming County met at the courthouse in Flemingsburg to take action in conformity with KRS 64.530; and the magistrates of all six districts of the county, the county judge, the county clerk and the county attorney were in attendance. In order to facilitate the fixing of a new salary schedule, the county attorney and the county clerk presented to the members of the fiscal court a typewritten form, on which was set out the various county officers and the number of deputies then employed by the county clerk and the sheriff, the latter being the only officers employing deputies. The amounts to be set as annual pay for the county officers and for the county clerk's and sheriff's deputies were left in blank. This form, which was later introduced as evidence in this case, shows that numerous insertions were noted on it and then marked out. However, salary figures were finally written with clarity in all the blank spaces, and not only was compensation fixed for all the deputies of the county clerk and the sheriff, but the number of deputies was increased from two to three for the county clerk for the new term.

This form seems to have been the only record made of the meeting, there being no bound volume kept by the fiscal court for the preservation of the minutes, as is the custom in most courts of this kind. What other business was transacted was noted on a loose-page legal pad. Nothing else performed at the time pertains to this case. The county clerk testified that immediately following this meeting, the form,

filled in as above described by the action of the fiscal court at the meeting, was duly transcribed into the fiscal court order book. The county judge did not see fit to sign the order book embracing the foregoing new salary allowances until May 16, 1957, which was approximately 38 days after its entry. The order of April 8, 1957, provided for three sheriff's deputies with annual stipends of $2,200, $1,800 and $400 for the first, second and third deputies, respectively, to become effective January 6, 1957.

The county judge who presided at the fiscal court meeting on April 8, 1957, was the successful nominee of the Democratic party for sheriff of Fleming County at the primary election held on May 28, 1957, and was elected to that office at the November election. At a session of the fiscal court held on October 14, 1957, with one member, namely, Magistrate Hargis Foxworthy being absent, there was adopted what was denominated a "nunc pro tunc" order, which purported to correct the order of April 8, 1957. The later order raised the amounts previously set for the incoming sheriff's deputy hire. This order was entered in the fiscal court order book on the day it was passed and three days later was signed by the county judge. The order of October 14, 1957, also provided for three deputy sheriffs but salaries were increased to $3,000, $2,000 and $1,800 for the first, second and third deputies, respectively.

The complaint, filed by the members of the fiscal court of Fleming County against the sheriff elect, sought a declaratory judgment in the lower court for a determination of whether the order of October 14, 1957, was valid.

In an effort to establish that the order of April 8, 1957, was erroneous and could be changed by the so-called nunc pro tunc order, five of the magistrates together with the county judge, all of whom were serving on the fiscal court at the time both orders were spread on the fiscal court order book, testified in effect that, although they had

no clear recollection of what transpired at the meeting of April 8, 1957, in respect to fixing the pay of the sheriff's deputies, they nevertheless believed they had adopted the compensation figures for these deputies set forth in the order of October 14, 1957.

Against this testimony, the county clerk and the county attorney testified that the form put in evidence in connection with the meeting on April 8, 1957, which purported to place a maximum limit upon all salaries of county officials and their deputies, if any, was filled in after much discussion by the members of the fiscal court and after being altered several times to meet various objections. They also stated that the salaries of all county officials and of all deputies indicated thereon were eventually agreed to and were then read to the members of the fiscal court and concurred in by them. The county clerk further testified that the order passed by the fiscal court, as evidenced by the form with the blanks filled in, was thereafter entered verbatim as a permanent record in the fiscal court order book. According to this official, the entry in the order book is similar in all respects when compared with the language and the figures contained in the form. Magistrate Hargis Foxworthy, a member of the fiscal court at the time the two orders were passed but who was not re-elected, testified in substance that the order of April 8, 1957, correctly represented the action taken by the fiscal court on that occasion.

Could the fiscal court of Fleming County legally make the amendment to the order of April 8, 1957, by the later order? Our answer is it could not.

■■■ The purpose of a nunc pro tunc order is not to alter a judgment actually rendered, and its function is not to make an order now for then, but to enter now for then an order previously made. Mathey v. Mathey, 175 Kan. 446, 264 P.2d 1058, 1062. A nunc pro tunc entry can only be made upon evidence furnished by some memorandum or by something appearing of record or noted in the minute book of the court, pertaining to the previous proceeding, as a basis to amend by. This Court in numerous cases has discussed the essentials of a nunc pro tunc order. In Benton v. King, 199 Ky. 307, 250 S.W. 1002, 1003, this statement was made setting forth the limitations imposed upon a court in making a nunc pro tunc entry: "The office of a judgment nunc pro tunc is to record some act of the court done at a former time which was not carried into the record, and the power of the court to make such entries is restricted to placing to record evidence of judicial action which has been actually taken. It may be used to make the record speak the truth, but not to make it speak what it did not speak but ought to have spoken. Hence a court in entering a judgment nunc pro tunc has no power to construe what the judgment means, but only to enter of record such judgment as had been formerly rendered, but which had not been entered of record as rendered."

■■■ In our opinion, the evidence shows conclusively that the primary purpose of the order of October 14, 1957, was to substitute an entirely different salary scale for the sheriff's deputies from that appearing in the earlier order. This point becomes evident when we observe that the modification sought to be effectuated, outside of a few inconsequential alterations made in the new order affecting certain other officials, was confined only to the sheriff's deputy hire, thus leaving the other salary items in the earlier order untouched. This action of the fiscal court was based upon no entry or minute, nor other record, made by the fiscal court at the meeting of April 8, 1957.

It is our view the order entered the 8th day of April, 1957, is the valid and binding order of the fiscal court, and that the purported nunc pro tunc order of October 14, 1957, is void.

Wherefore, the judgment is affirmed.