LAMBERT, J., JUDGE:
*686 Patricia Nave, proceeding pro se ,[1] has appealed from three orders of the Fayette Circuit Court dismissing her claims related to a custodial evaluation performed in a dissolution case. The circuit court held that her claims were time-barred and that the appellees had immunity from suit. Having reviewed the record and the parties' respective arguments, we affirm the orders on appeal.
The underlying matter began with the filing of a 91-page petition for damages by Nave against David Feinberg, Amy Rouse, Ross Stinetorf, and William F. Patten on March 21, 2014.[2] Dr. Feinberg is a licensed psychologist who practices at Feinberg & Associates, Rouse is a Licensed Clinical Social Worker who was employed by Feinberg & Associates, Stinetorf is a licensed attorney in Kentucky, and Patten is both a licensed attorney and certified public accountant in the states of Oklahoma and Missouri. Patten is Nave's former husband. Patten hired Stinetorf to represent him in other actions, including a pending dissolution action in the Fayette Family Court, Patten v. Patten , Case No. 10-CI-04382, where custody of his and Nave's minor children was at issue. Dr. Feinberg and Rouse were ordered by the family court to conduct a custodial evaluation for the dissolution action.
In short, Nave alleged that Dr. Feinberg and Rouse received reports of child abuse during an interview with one of the children during the course of the custody evaluation but failed to disclose the abuse reports to her or to the Cabinet for Health and Family Services (the Cabinet) pursuant to Kentucky Revised Statutes (KRS) 620.030. Nave also disputed the contents of the custody report provided to the Cabinet, alleging that it concealed information related to abuse and to her and Patten's psychological testing results.
Nave alleged several causes of action against the four named defendants. Against Dr. Feinberg and Rouse, Nave alleged breach of contract related to the performance of the custody evaluation, professional malpractice, and negligence. Against Dr. Feinberg, Rouse, and Stinetorf, Nave alleged a cause of action for disclosure of her confidential information. Against all four defendants, Nave alleged defamation, conspiracy to defame, fraud based upon their material misrepresentations, conspiracy to commit fraud, intentional infliction of emotional distress, conspiracy to intentionally inflict emotional distress, obstruction of a child abuse investigation, and conspiracy to obstruct a child abuse investigation. As a result, Nave sought compensatory damages, actual damages, consequential damages, and a trial by jury.
In lieu of filing an answer to the complaint, Dr. Feinberg and Rouse filed a motion to dismiss pursuant to Kentucky Rules of Civil Procedure (CR) 12.02(f), in which they argued that they were entitled to quasi-judicial immunity as court-appointed custody evaluators and that if not immune, Nave's claims should be dismissed as barred by the applicable one-year statute of limitations or for failure to state a claim upon which relief could be granted. In the attached memorandum, Dr. Feinberg and Rouse explained that in an order entered March 4, 2011, in the course of the dissolution proceeding, the family court directed the parties to submit *687 to a custody evaluation by Feinberg & Associates. This evaluation was conducted, and Dr. Feinberg issued a report. The custody conference was held on August 2, 2011. Nave and Patten reached a settlement, and Nave was awarded primary custody of their children. More than two years later, Nave attacked the custody evaluation and report. Dr. Feinberg and Rouse cited to Stone v. Glass , 35 S.W.3d 827 (Ky. App. 2000), in support of their argument that they were entitled to quasi-judicial immunity for all of Nave's claims. As to the individual claims, they argued that there was no contract between either of them and Nave so that there could not be a breach, that her unlawful disclosure claims must fail because HIPAA does not create a private cause of action for a violation of its provisions, and that the remaining claims were filed outside of the one-year statute of limitations period, which began to run on August 2, 2011, when the custody report was issued and discussed during the dissolution proceedings. Nave did not file her complaint until March 21, 2014.
Stinetorf joined the motion to dismiss filed by Dr. Feinberg and Rouse. In addition, Stinetorf argued that any allegations of wrongdoing by him should have been raised in the dissolution case and that he had absolute immunity for any statement made or pleading filed as a part of a judicial proceeding pursuant to Morgan & Pottinger, Attorneys, P.S.C. v. Botts , 348 S.W.3d 599 (Ky. 2011).
Nave objected to both motions, and in reply, Dr. Feinberg and Rouse stated that Nave admitted that the suspected child abuse-about which she was complaining had not been reported-had in reality already been reported and had been the subject of two Cabinet investigations.
The circuit court held a hearing on the defendants' motions on May 28, 2014. The court first held that there could not be a cause of action against Stinetorf due to lack of duty because he represented Patten, not her, in the family court action and therefore dismissed him from the lawsuit. After noting that Nave received primary custody of the children and that Patten had not seen the children since April 2011 and considering the merits of their motion, the circuit court granted Dr. Feinberg and Rouse's motion to dismiss. Written rulings were not entered until the next year.
On January 7, 2015, the circuit court entered an order dismissing Nave's claims against Stinetorf with prejudice. Nave moved the court to modify its January 7, 2015, order, stating that the basis and rationale for the ruling was not set forth in the order, its broad reference to the record was not sufficient to apprise a reviewing court of the basis of the ruling, and it did not include finality language. Dr. Feinberg and Rouse responded to Nave's motion, noting that the court had granted their motion to dismiss at the May 28, 2014, hearing, and had requested that they tender a proposed order, which they did on January 13, 2015. Stinetorf also objected to Nave's motion, stating that findings of fact and conclusions of law are not necessary in orders ruling on CR 12 or CR 56 motions pursuant to CR 52.01.
On January 20, 2015, the circuit court entered an order granting Dr. Feinberg and Rouse's motion to dismiss. In the order, the court concluded that they were entitled to quasi-judicial immunity and that Nave had not filed her action within the applicable limitations period.
The court held a hearing on Nave's motion to modify on January 23, 2015. Following the hearing, on January 27, 2015, the court entered an order incorporating the findings and conclusions stated on the record during the May 28, 2014, hearing. The court went on to grant the defendants'
*688 motions to dismiss and included finality language.
On February 13, 2015, Nave moved the circuit court to reconsider the portion of its January 20, 2015, order dismissing her claims against Dr. Feinberg and Rouse on the basis of quasi-judicial immunity, citing a decision from this Court in J.S. v. Berla , 456 S.W.3d 19 (Ky. App. 2015), which had been rendered one week earlier.
On February 18, 2015, Nave filed a notice of appeal from the January 20, 2015, order, naming Dr. Feinberg and Rouse as appellees.[3] On February 25, 2015, Nave filed a second notice of appeal, this time from the January 27, 2015, order, and named Stinetorf as the appellee.[4]
The same day, Nave moved the circuit court to abate the first appeal until the court had issued an order on her motion for reconsideration. Dr. Feinberg and Rouse objected to Nave's previously filed motion to reconsider, discussing among other issues that the notice of appeal had divested the circuit court of jurisdiction to rule on it. By order entered April 14, 2015, this Court abated Appeal No. 2015-CA-000275-MR to permit the circuit court to rule on the motion to reconsider.
On May 11, 2015, the circuit court denied Nave's pending motion to reconsider. After setting forth the procedural history, the court stated as follows:
On February 13, 2015, Plaintiff filed the pending motion to reconsider and set aside that portion of the [January 20, 2015,] order granting immunity to Defendants, arguing that, under an opinion released by the Court of Appeals on February 6, 2015, after the Court entered its Order, Defendants forfeited their immunity by, among other things, acting in bad faith. On February 18, 2015, Plaintiff filed a Notice of Appeal, without giving this Court the opportunity to rule on the pending motion. Plaintiff appeals from the very Order that she now seeks the Court to revisit. A Notice of Appeal generally divests the trial court of jurisdiction. If the Court of Appeals concludes that this Court does, in fact, still retain jurisdiction to consider Plaintiff's motion, the Court finds and concludes as follows:
Plaintiff's motion is not properly brought under either CR 59, as a motion to alter, amend or vacate, because more than 10 days passed before the motion was filed; and, not proper as a [CR] 60.02 motion because there is an adequate remedy available for Plaintiff on appeal. The primary basis of the Court's Order dismissing Plaintiff's claims against Defendants was that her claims were time-barred. Defendants argued in the alternative the issue of quasi-judicial immunity and the Court agreed that if Plaintiff's claims were not time-barred, the Defendants would likely enjoy quasi-judicial immunity.
Plaintiff now argues that Defendants Feinberg and Rouse forfeited any immunity they may have enjoyed because they acted in bad faith and showed a lack of impartiality and that she recently "discovered" that Defendant Feinberg had come to the same conclusion in the J.S. v. Berla case rendered by the Court of Appeals on February 6, 2015 and, as a result, this Court should reconsider its opinion. The Court disagrees. This Court determined that Plaintiff's claims were time-barred. That said, even if the case was not time-barred, the Court found they all enjoyed at a minimum quasi-judicial immunity. Plaintiff alleges that Defendant Feinberg and Defendant *689 Rouse forfeited their immunity because, during the course of the custodial evaluation, they acted in bad faith and/or showed a lack of impartiality. Plaintiff has failed to allege how she was harmed by the alleged actions of Defendant Feinberg and Defendant Rouse.
Based on this Court's review of the Fayette Family Court record, the Fayette Family Court ordered Dr. Feinberg and Ms. Rouse to conduct a custodial evaluation and ordered Plaintiff's ex-husband, Defendant Patten, to pay for the evaluation. After completing the evaluation in August 2011, Dr. Feinberg, with the assistance of Ms. Rouse, recommended that Plaintiff be awarded custody of her children.
At the subsequent dissolution hearing, the Court awarded Plaintiff primary custody of her children. In December 2011, Plaintiff and Defendant Patten entered into a settlement agreement. Both parties were represented by counsel. They agreed to closely follow Dr. Feinberg's recommendations, namely, Plaintiff admits in her motion that Dr. Feinberg recommended, and Plaintiff and Defendant Patten agreed, that he would have no visitation or time-sharing, supervised or otherwise, until he completed anger management and reconciliation therapy.
Plaintiff admitted to the Court in her response to Defendants' motion to dismiss that Defendant Patten has had no contact with the children since April 2011, shortly after Dr. Feinberg's custody evaluation began. Plaintiff complains that Dr. Feinberg and/or Ms. Rouse became aware of but failed to report allegations of suspected sexual abuse by Defendant Patten against the children in March 2011 and that his failure constitutes bad faith sufficient to strip Dr. Feinberg and Ms. Rouse of protected immunity. Two separate Cabinet investigations were conducted during the time that Dr. Feinberg and Ms. Rouse conducted their custodial evaluation. As previously noted, Defendant Patten has not had any contact with the children since April 2011.
Additionally, Plaintiff argues that Dr. Feinberg and Ms. Rouse lacked the requisite impartiality to cloak them with immunity. She argues in her motion that Defendant Patten hired Dr. Feinberg and that Dr. Feinberg and Ms. Rouse, inter alia , "altered Plaintiff's psychological testing [and] deleted favorable provisions of [her] psychological testing," "deleted unfavorable provisions of Mr. Patten's psychological testing," "ignored Mr. Patten's pornography obsession," "failed to interview Mr. Patten's sister, who reported deviant sexual actions by Mr. Patten[.]" What facts or portions of the evaluation that Dr. Feinberg decided to include, or omit, from his report is left to his discretion.
The Fayette Family Court ordered Dr. Feinberg to conduct a custody evaluation and ordered Defendant Patten to pay for the evaluation. Dr. Feinberg recommended that Plaintiff be awarded custody of her children. The Fayette Family Court accepted Dr. Feinberg's recommendation and awarded Plaintiff sole custody of her children. Plaintiff and Defendant Patten incorporated many of Dr. Feinberg's recommendations into their settlement agreement in December of 2011. And, most importantly, Defendant Patten has not had any access to the children since April of 2011. Dr. Feinberg's exercise of judgment and discretion has not had any adverse effect on Plaintiff. Plaintiff's claims against Defendant Feinberg and Defendant Rouse ... are precisely the kind of claims that quasi-judicial immunity protects. See *690 Stone v. Glass , 35 S.W.3d 827 (Ky. Ct. App. 2000). Even if this case were not time-barred, the Court finds and concludes that based on the foregoing, that Defendant Feinberg and Defendant Rouse are entitled to the protection of quasi-judicial immunity.
The court included the necessary finality language, and Nave filed a notice of appeal on June 10, 2015, naming Dr. Feinberg and Rouse as appellees.[5] The three appeals have been consolidated for all purposes.[6]
Our standard of review in these appeals is de novo as they arise from rulings of law. See Webster County Bd. of Educ. v. Franklin , 392 S.W.3d 431, 434 (Ky. App. 2013) ("Because a trial court is not required to make factual findings when ruling on a motion to dismiss, the determination is purely a matter of law; consequently, the Court of Appeals reviews the decision of the trial court de novo. "); Sangster v. Kentucky Bd. of Medical Licensure , 454 S.W.3d 854, 856 (Ky. App. 2014) ("The question of immunity is a matter of law which this Court reviews de novo. ").
For her first argument, Nave contends that the circuit court erred in finding that Dr. Feinberg and Rouse were court-appointed and therefore entitled to quasi-judicial immunity. Dr. Feinberg and Rouse argue that the circuit court properly granted them immunity in this case.
This Court addressed the concept of quasi-judicial immunity in Stone v. Glass , 35 S.W.3d 827, 829 (Ky. App. 2000), stating:
Kentucky recognizes the concept of quasi-judicial immunity. Dugger v. Off 2nd, Inc. , [---] Ky.App. [----], 612 S.W.2d 756 (1980). However, Kentucky case law does not address the issue of quasi-judicial immunity for social workers who provide custody evaluations. Other jurisdictions have addressed this issue, and differ as to whether persons appointed by the court to perform custody evaluations are entitled to such immunity.
After considering how this question is addressed in other states, the Court described a similar situation that arose in a Kentucky case:
Although Kentucky has not addressed the issue of quasi-judicial immunity for court-appointed custodial evaluators, in Horn v. Commonwealth , [---] Ky. [----], 916 S.W.2d 173 (1995), the Kentucky Supreme Court did extend quasi-judicial immunity to a court-designated worker (CDW) who had transported a juvenile to a detention center. The CDW failed to advise the detention center officials of the juvenile's suicidal tendencies. Shortly after being placed in an isolated cell, the juvenile attempted to commit suicide, and was left severely brain damaged. The juvenile's parents subsequently brought a negligence claim against the CDW. The Court, noting the "totality of [the CDW's] function as a court designated worker" decided that she was protected by quasi-judicial immunity as she was acting within the scope of her employment and under the direction of a judge of the court. Id. at 176.
Stone , 35 S.W.3d 827 at 830. The Court ultimately relied upon the Supreme Court of Kentucky's holding in Horn and held that court-appointed custodial evaluators were entitled to quasi-judicial immunity. Id. The Court went on to state, "We agree *691 with the aforementioned analysis of the Utah Supreme Court in Parker [v. Dodgion , 971 P.2d 496 (Utah 1998),] that a court-appointed psychologist performing a custodial evaluation acts as a fact-finder for the court, and is an integral part of the judicial process, as much, if not more so than the court-designated worker in Horn ." Id. See also J.S. v. Berla , 456 S.W.3d at 24 ("Kentucky case law makes clear that a court-appointed psychologist is given quasi-judicial immunity in order to complete the job effectively.").
There is no question that the Fayette Family Court appointed Feinberg & Associates to conduct a custodial evaluation in the dissolution action. We take judicial notice of the family court's March 4, 2011, order in Case No. 10-CI-04382 attached to Dr. Feinberg and Rouse's brief, in which the court ordered as follows:
1. Motion for a Custodial evaluation: Sustained. Father shall pay the cost of the evaluation. The evaluation shall be conducted by Feinberg and Associates and both parties shall cooperate with the process.
Dr. Feinberg, as the psychologist, and Rouse, as the social worker, are certainly entitled to quasi-judicial immunity in their roles in the court-ordered custodial evaluation. In so holding, we reject Nave's assertions that Patten hired Dr. Feinberg or that Dr. Feinberg and Rouse acted as experts for Patten rather than as neutral fact-finders. Accordingly, the circuit court properly dismissed Nave's claims against Dr. Feinberg and Rouse as being barred by quasi-judicial immunity.
Similarly, Nave argues that the circuit court erred in finding that Stinetorf was entitled to absolute immunity based upon the judicial statements privilege. Stinetorf disputes this argument, relying upon the Supreme Court of Kentucky's opinion in Morgan , supra , describing what must be established before the judicial statements privilege applies:
A communication must fulfill two requirements in order to fall within the ambit of the judicial statements privilege. First, the communication must have been made "preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as part of a judicial proceeding." Second, the communication must be material, pertinent, and relevant to the judicial proceeding.
348 S.W.3d at 602 (citations omitted). All of Nave's claims arose from either the dissolution or Cabinet proceedings and were therefore in the course of a judicial proceeding in which Stinetorf was representing his client. Therefore, Stinetorf is entitled immunity in the present action, and the circuit court properly dismissed Nave's claims against him.
While we need not reach Nave's further arguments related to whether her claims were barred by the one-year statute of limitations set forth in KRS 413.140 or failed to state a claim upon which relief could be based, we nevertheless hold that the circuit court did not err in those conclusions. The limitations period began to run when Nave received the custody report and participated in a conference related to that report on August 2, 2011. Nave did not file her complaint until March 21, 2014, well past the time the one-year limitations period had expired. Nave's claim for breach of contract must fail because no contract existed between her and Dr. Feinberg and Rouse. And her claim for unlawful disclosure of her personal health information must fail because there is no cause of action at the state level for a HIPAA violation. Furthermore, Nave cannot establish that she sustained any damages because she was designated as the children's residential custodian and Patten *692 had not had any access to the children since April 2011.
For the foregoing reasons, the orders of the Fayette Circuit Court are affirmed.
ALL CONCUR.

Nave is a licensed attorney in the State of Missouri, but she is not licensed to practice law in Kentucky.

Patten has apparently not been served with the complaint.

Appeal No. 2015-CA-000275-MR.

Appeal No. 2015-CA-000298-MR.

Appeal No. 2015-CA-000891-MR.

While we agree with the circuit court that Nave's first notice of appeal divested the court from ruling on her motion to reconsider, we shall nevertheless review that order in conjunction with the other two orders before us.